# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> SPOTIFY USA INC., <br><br><br> SPOTIFY USA INC., <br><br> *Third-Party Plaintiff*, <br><br> v. <br><br> KOBALT MUSIC PUBLISHING AMERICA, INC., <br><br> *Third-Party Defendant*. | Civil Case No. 19-CV-00736 <br><br> Hon. Aleta A. Trauger |

## THIRD PARTY DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant Kobalt Music Publishing America, Inc. ("Kobalt") by and through its undersigned counsel, respectfully submits this Answer to the Third-Party Complaint ("TPC") brought by Third-Party Plaintiff Spotify USA Inc. ("Spotify"), and responds as follows:

### NATURE OF THE ACTION

1. Paragraph 1 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegation that "[m]any of the Compositions were written by Eminem (a/k/a Marshall Mathers)," and admits that the referenced Complaint alleges that

Spotify infringed Eight Mile Style LLC and Martin Affiliated, LLC's (collectively "Eight Mile") copyrights in the 243 referenced musical compositions (the "Compositions").

2. Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 2 of the TPC, except admits that beginning in February 2011 Kobalt, acting as the collection agent (but not as administrator as that term is generally understood in the music industry) with respect to the commercial exploitation of the Compositions in the United States and Canada for Eight Mile's copyright administrator, Bridgeport Music, Inc. ("Bridgeport"), collected and remitted to Bridgeport payments from Spotify in connection with Spotify's streaming of the referenced Compositions through some time in 2019.

3. Kobalt denies the allegations in Paragraph 3 of the TPC, and respectfully refers the Court to the subject "Mechanical License Agreement" for the terms thereof. Kobalt avers that it did not license Spotify the rights to reproduce and distribute the Compositions at any time after February 2011, and states further that Spotify's agent, the Harry Fox Agency ("HFA"), knew at all relevant times after August 2013, if not before, and acknowledged in writing in August 2013, that Kobalt was not the licensor of the Compositions, and that HFA worked with Kobalt and, to the best of Kobalt's knowledge and belief, Eight Mile to adjust HFA's records as necessary to reflect that Kobalt was, at all relevant times, merely a collecting agent for Bridgeport, not a licensor of the Compositions.

4. Kobalt denies the allegations in Paragraph 4 of the TPC.

5. Paragraph 5 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 5 of the TPC regarding Spotify's beliefs, and denies that Kobalt in any way "led" Spotify to have any such alleged beliefs, and denies that Kobalt granted any U.S. licenses to Spotify for the Compositions at issue. While Kobalt

served as the administrator of the Compositions in the United States during portions of 2009 and 2010, as of February 2011, Kobalt ceased to administer the Compositions and thereafter served solely as a collecting agent for Bridgeport with respect to the Compositions. In 2013, Kobalt confirmed in writing to Spotify's agent HFA, in response to a written query from HFA, that Kobalt did not control the licensing of the Compositions, and Kobalt further informed HFA that Bridgeport controlled those licensing rights, and was also responsible for registration of the Compositions. HFA acknowledged this communication in writing.

6. Kobalt denies that it was, or ever purported to be, the licensor or administrator of the Compositions in connection with the referenced December 2016 "Mechanical Licensing Agreement," and denies the remaining allegations of Paragraph 6 of the TPC, except admits that Kobalt, as a collecting agent for Bridgeport with respect to the Compositions in the U.S., accepted statements of account and royalty payments for Spotify's use of the Compositions, and reported and distributed those royalties to Bridgeport. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Kobalt did not own, administer or control the Compositions at that time, and had affirmatively informed Spotify's agent, HFA, of that fact long prior to the referenced 2016 agreements.

7. ████████████████████████████████████████████████████

[REDACTED] Such conduct does not reflect that Kobalt had licensing authority with respect to the Compositions. In fact, HFA had acknowledged, as early as three years earlier, that Kobalt did <u>not</u> have licensing authority with respect to the Compositions.

8. Paragraph 8 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies the allegations and states that HFA, Spotify's agent, was on actual notice not later than August 2013, long before either of the referenced 2016 agreements, that Kobalt did not license the Compositions in the U.S., and Kobalt has not done so, nor had the authority to do so. Furthermore, Kobalt avers that the indemnity referenced in the TPC relates only to "Publisher Compositions" as defined in the Mechanical License Agreement. That definition is as follows: "'Publisher Compositions' means the Compositions or portions thereof that (Kobalt), whether now or during the Term, owns, controls, or administers." At the time the Mechanical License Agreement was executed and at all times thereafter, Kobalt neither owned, controlled or administered the Compositions, and Spotify's agent HFA had acknowledged that fact in writing well prior to the execution of the Mechanical License Agreement. In fact, in 2019, HFA further acknowledged this fact when, after years of having to be reminded that Bridgeport, not Kobalt, controlled the licensing of the Compositions, HFA finally adjusted its internal database to reflect that.

9. Kobalt denies the allegations of Paragraph 9 of the TPC.

10. Kobalt denies knowledge or information sufficient to determine the truth or falsity

of the allegations in Paragraph 10 of the TPC, except admits that Spotify has impleaded Kobalt into this Action.

## PARTIES

11. Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 11 of the TPC.

12. Kobalt admits the allegations in Paragraph 12 of the TPC.

## JURISDICTION AND VENUE

13. Kobalt denies the allegations in Paragraph 13 of the TPC and respectfully refers the Court to the Amended Complaint for the allegations thereof.

14. Paragraph 14 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

15. Paragraph 15 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

16. Kobalt admits the allegations in Paragraph 16 of the TPC.

17. Paragraph 17 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

## STATEMENT OF FACTS

18. Kobalt denies the allegations of Paragraph 18 of the TPC, but admits that Kobalt Music Publishing, Inc. and Kobalt Music Services America, Inc. are indirect subsidiaries of Kobalt Music Group, Ltd., an independent music publisher and rights administrator which is based in London and was founded in or about 2000.

19. Kobalt denies the allegations of Paragraph 19 of the TPC but admits that Kobalt Music Group's CEO sits on the Board of Directors of the National Music Publishers' Association ("NMPA"), and that Kobalt Music Group's Founder and Chairman (and former CEO) previously

sat on that same board.

20. Kobalt denies the allegations of Paragraph 20 of the TPC and states that at no time since February 2011 – and thus at no time relevant to this litigation – has Kobalt been an administrator of the Compositions for the U.S. or Canada; instead, Kobalt has served solely as a collecting agent for Eight Mile, through its administrator, Bridgeport, and Kobalt has consistently and repeatedly reminded Eight Mile that it and its copyright administrator, Bridgeport, not Kobalt, were responsible for registering the Compositions, which function allegations 20 and 21 of the TPC correctly recognize as the responsibility of music publishing administrators.

21. Kobalt denies the allegations of Paragraph 21 of the TPC but admits that when it serves as a publishing rights administrator, it is often responsible for administering, registering, and licensing compositions and collecting publishing royalties on behalf of copyright owners, which functions it did not serve with respect to the Compositions after February 2011 in the United States and Canada.

22. Kobalt denies the allegations in Paragraph 22 of the TPC, and respectfully refers the Court to the referenced document for its contents, and states that Kobalt did not serve as an administrator for the Compositions in the U.S. or Canada at any time after February 2011, but served only as a collecting agent. Kobalt further avers that it has served as an administrator for the Compositions outside the U.S. and Canada from 2004 to the present.

23. Kobalt denies the allegations in Paragraph 23 of the TPC, and respectfully refers the Court to the referenced website for its contents, and states that Kobalt's listing of Eight Mile as a client remains correct even after February 2011, because Kobalt still serves as an administrator for Eight Mile outside the U.S. and Canada and as a collecting agent for the Compositions within the U.S. and Canada.

24. Kobalt denies the allegations in Paragraph 24 of the TPC, and respectfully refers

the Court to the referenced document for its contents, and states that Kobalt's relationship with Bridgeport after February 2011 was solely that of a collecting agent in the U.S. and Canada with respect to the Compositions, not that of an administrator or licensor, therefore the statements set forth in the Martin Declaration about "Kobalt's standard terms in its administration agreements" (Martin Dec. at para. 4 et seq.), quoted by Spotify in Paragraph 24 of the TPC, are inapplicable.

25. Kobalt denies the allegations in Paragraph 25 of the TPC, and respectfully refers the Court to the referenced document for its contents, and states that Kobalt's relationship with Bridgeport after February 2011 was solely that of a collecting agent in the U.S. and Canada with respect to the Compositions, not that of an administrator or licensor, therefore the statements set forth in the Martin Declaration about "Kobalt's standard terms in its administration agreements" (Martin Dec. at para 4 et seq.), quoted by Spotify in Paragraph 25 of the TPC, are inapplicable. Kobalt further states that while there is an existing music publishing administration agreement between Kobalt and Eight Mile, that agreement covers only the territory of the world excluding the United States and Canada.

26. Kobalt denies the allegations in Paragraph 26 of the TPC, and states that Spotify's agent, HFA, knew at all relevant times after August 2013, and acknowledged in writing, that Kobalt was not the licensor of the Compositions in the U.S. and Canada, and that HFA worked with Kobalt and, to the best of Kobalt knowledge and belief, Eight Mile, to correct HFA's records to reflect that Kobalt was, at all relevant times, merely a collecting agent for Bridgeport, not a licensor of the Compositions.

27. Kobalt denies the allegations in Paragraph 27 of the TPC, and states that Kobalt's relationship with Bridgeport after February 2011 was solely that of a collecting agent in the U.S. and Canada with respect to the Compositions, not that of an administrator or licensor.

28. Paragraph 28 of the TPC states a legal conclusion as to which no response is

required; to the extent a response is required, Kobalt denies the allegations in Paragraph 28 of the TPC.

29. Kobalt denies the allegations in Paragraph 29 of the TPC, but admits that Kobalt received NOIs from HFA with respect to one or more of the Compositions, and consistent with the custom and practice of large music publishers, neither accepted nor rejected the same, and further states that Kobalt placed Spotify's agent, HFA, on notice not later than August 2013 that Kobalt did not license the Compositions in the U.S. and Canada.

30. Kobalt denies the allegations in Paragraph 30 of the TPC, but admits that Kobalt received NOIs from HFA with respect to one or more of the Compositions, and respectfully refers the Court to the referenced NOIs for their content. Kobalt further states that Kobalt placed Spotify's agent, HFA, on notice not later than August 2013 that Kobalt no longer licensed the Compositions in the U.S. and Canada.

31. Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 31 of the TPC, but admits that Kobalt received NOIs from HFA with respect to one or more of the Compositions, and respectfully refers the Court to the referenced NOIs for their content. Kobalt further states that Kobalt placed Spotify's agent, HFA, on notice not later than August 2013 that Kobalt no longer licensed the Compositions in the U.S. and Canada.

32. Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 32 of the TPC, except states that Kobalt placed Spotify's agent, HFA, on notice not later than August 2013 that Kobalt no longer licensed the Compositions in the U.S. and Canada, and states further that Kobalt properly continued to receive statements and payments as Bridgeport's collecting agent, after Kobalt no longer had the right to license the Compositions.

33. Kobalt admits that it properly continued to receive payments as Bridgeport's

collecting agent after Kobalt no longer had the right to license the Compositions in the U.S. and Canada, and states that Kobalt placed Spotify's agent, HFA, on notice not later than August 2013 that Kobalt no longer licensed the Compositions in the U.S. and Canada.

34. Kobalt denies the allegations in Paragraph 34 of the TPC, except admits that after February 2011 Kobalt rendered statements and payments to Bridgeport in connection with the Compositions.

35. Kobalt denies the allegations in Paragraph 35 of the TPC.

36. Kobalt denies the allegations in Paragraph 36 of the TPC, and respectfully refers the Court to the referenced document for its contents.

37. Kobalt denies the allegations in Paragraph 37 of the TPC, and respectfully refers the Court to the referenced document for its contents.

38. Kobalt denies the allegations in Paragraph 38 of the TPC, and respectfully refers the Court to the referenced document for its contents, and states that Kobalt did not own, control or administer the Compositions for the U.S. or Canada at the time of the NMPA Agreement, but merely served as a collecting agent for Bridgeport. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In August 2019, Eight Mile asked Kobalt to refrain from accepting further payments from Spotify with respect to the Compositions.

39. Kobalt denies the allegations in Paragraph 39 of the TPC, except admits that an

online portal was created in connection with the NMPA Agreement.

40. Kobalt denies the allegations in Paragraph 40 of the TPC, and respectfully refers the Court to the referenced document for its contents.

41. Kobalt admits the allegations in Paragraph 41 of the TPC.

42. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████

43. ███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████

44. ███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████

45. Kobalt denies the allegations in Paragraph 45 of the TPC.

46. ███████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████

47. ███████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████████

48. Kobalt denies the allegations in Paragraph 48 of the TPC, and respectfully refers

the Court to the referenced document for its contents, and states that Kobalt did not own, administer or otherwise control the Compositions at any time after February 2011 with respect to the U.S. or Canada.

49. Kobalt denies the allegations in Paragraph 49 of the TPC, and respectfully refers the Court to the referenced document for its contents.

50. Kobalt denies the allegations in Paragraph 50 of the TPC, and respectfully refers the Court to the referenced document for its contents.

51. Kobalt denies the allegations in Paragraph 51 of the TPC.

52. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

53. Kobalt denies the allegations in Paragraph 53 of the TPC, and respectfully refers the Court to the referenced document for its contents.

54. Kobalt denies the allegations in Paragraph 54 of the TPC, except admits that it entered into the referenced agreement, respectfully refers the Court to the referenced document for its contents, and states that Kobalt did not own, control or administer the Compositions for the U.S. or Canada at any time after February 2011, and further states that Kobalt placed Spotify's agent, HFA, on notice of the foregoing not later than August 2013.

55. Kobalt denies the allegations in Paragraph 55 of the TPC, and respectfully refers the Court to the referenced document for its contents, and states that Kobalt did not own, control or administer the Compositions for the U.S. or Canada at any time after February 2011, and further

states that Kobalt placed Spotify's agent, HFA, on notice of the foregoing not later than August 2013.

56. Kobalt denies the allegations in Paragraph 56 of the TPC, and respectfully refers the Court to the referenced document for its contents.

57. Kobalt denies the allegations in Paragraph 57 of the TPC, and respectfully refers the Court to the referenced document for its contents, and states that the definition of "Publisher Compositions" in such document excludes the Compositions here at issue, because Kobalt did not own, control or administer the Compositions in the U.S. or Canada after February 2011, and further states that Kobalt placed Spotify's agent, HFA, on notice of the foregoing not later than August 2013.

58. Kobalt denies the allegations in Paragraph 58 of the TPC, and states that Kobalt did not own, control or administer the Compositions for the U.S. and Canada at the relevant time, nor did Kobalt "assure" Spotify to the contrary; in fact, not later than August 2013, Kobalt placed Spotify's agent, HFA, on notice that Kobalt did not own, control or administer the Compositions for the U.S. and Canada at any time after February 2011.

59. Kobalt denies the allegations in Paragraph 59 of the TPC, and respectfully refers the Court to the referenced document for its contents, and states that Kobalt did not own, control or administer the Compositions for the U.S. and Canada at any time after February 2011, and further states that Kobalt placed Spotify's agent, HFA, on notice of the foregoing not later than August 2013.

60. Kobalt denies the allegations in Paragraph 60 of the TPC, and states that Kobalt did not own, control or administer the Compositions for the U.S. and Canada at the relevant time, and states that not later than August 2013, Kobalt placed Spotify's agent, HFA, on notice that Kobalt did not own, control or administer the Compositions for the U.S. and Canada at any time

after February 2011.

  61. Kobalt denies the allegations of Paragraph 61 of the TPC.

  62. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████

  63. Kobalt denies the allegations in Paragraph 63 of the TPC.

  64. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███

65. Kobalt denies the allegations of Paragraph 65 of the TPC.

66. Kobalt denies the allegations in Paragraph 66 of the TPC, and respectfully refers the Court to the referenced allegations for their contents.

67. Kobalt denies the allegations in Paragraph 67 of the TPC, and respectfully refers the Court to the referenced allegations for their contents.

68. Paragraph 68 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

69. Kobalt denies the allegations in Paragraph 69 of the TPC and states that Spotify and/or its agent HFA were aware at all relevant times after August 2013 that Kobalt did not own, administer or control the Compositions for the U.S. or Canada at any time relevant to this action, and that Kobalt never made any representations to the contrary to Spotify.

70. Kobalt denies the allegations in Paragraph 70 of the TPC and states that Paragraph 70 of the TPC states a legal conclusion as to which no response is required.

71. Kobalt denies the allegations in Paragraph 71 of the TPC, and respectfully refers the Court to the referenced document for its contents.

72. Paragraph 72 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

73. Kobalt denies the allegations in Paragraph 73 of the TPC, and respectfully refers the Court to the referenced document for its contents.

## **FIRST CAUSE OF ACTION**

74. Kobalt repeats and realleges the above responses as if fully set forth.

75. Paragraph 75 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

76. Paragraph 76 of the TPC states a legal conclusion as to which no response is

required; to the extent a response is required, Kobalt denies.

77. Kobalt denies the allegations in Paragraph 77 of the TPC.

78. Kobalt denies the allegations in Paragraph 78 of the TPC, with respect to the U.S. and Canada, for the time period following February 2011.

79. Kobalt denies the allegations in Paragraph 79 of the TPC.

80. Kobalt denies the allegations in Paragraph 80 of the TPC.

## SECOND CAUSE OF ACTION

81. Kobalt repeats and realleges the above responses as if fully set forth.

82. Kobalt denies the allegations in Paragraph 82 of the TPC, and respectfully refers the Court to the referenced document for its contents, and denies that Kobalt breached any of its representations or warranties thereunder.

83. Kobalt denies the allegations in Paragraph 83 of the TPC.

84. Kobalt denies the allegations in Paragraph 84 of the TPC.

## THIRD CAUSE OF ACTION

85. Kobalt repeats and realleges the above responses as if fully set forth.

86. Paragraph 86 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

87. Kobalt admits the allegations in Paragraph 87 of the TPC.

88. Kobalt denies the allegations in Paragraph 88 of the TPC, and states that Kobalt has no indemnification obligation to Spotify.

89. Kobalt denies the allegations in Paragraph 89 of the TPC, and states that Kobalt has no indemnification obligation to Spotify.

## FOURTH CAUSE OF ACTION

90. Kobalt repeats and realleges the above responses as if fully set forth.

91. Paragraph 91 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt denies.

92. Kobalt denies knowledge or information sufficient to determine the truth or falsity of the allegations in Paragraph 92 of the TPC.

93. Kobalt denies the allegations in Paragraph 93 of the TPC.

94. Kobalt denies the allegations in Paragraph 94 of the TPC.

95. Kobalt denies the allegations in Paragraph 95 of the TPC.

96. Kobalt denies the allegations in Paragraph 96 of the TPC.

## FIFTH CAUSE OF ACTION

97. Kobalt repeats and realleges the above responses as if fully set forth.

98. Paragraph 98 of the TPC states a legal conclusion as to which no response is required; to the extent a response is required, Kobalt states that it never misled Spotify with respect to the Compositions and in fact affirmatively placed Spotify's agent, HFA, on notice that Kobalt did not own, control or administer the Compositions in the U.S. or Canada after February 2011 and that the registration of the Compositions was not correct.

99. Kobalt denies the allegations in Paragraph 99 of the TPC.

100. Kobalt denies the allegations in Paragraph 100 of the TPC.

101. Kobalt denies the allegations in Paragraph 101 of the TPC.

102. Kobalt denies the allegations in Paragraph 102 of the TPC.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103. The TPC fails to state a claim on which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104. With respect to the First Cause of Action, the Second Cause of Action, the Third Cause of Action, the Fourth Cause of Action and the Fifth Cause of Action, Spotify streamed the Compositions in the U.S. from July 2011, when it began U.S. operations, until April 2016, and as a result of such exploitations of the Compositions during this time period, Spotify had no basis on which it could purport to rely on the 2016 Mechanical License Agreement, the NMPA Agreement, or otherwise, as alleged.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105. With respect to the Fourth Cause of Action, Kobalt made no representation or warranty that it had U.S. licensing authority with respect to the Compositions after February 2011.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

106. The causes of action asserted in the TPC are barred in whole or in part by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

107. The causes of action asserted in the TPC are barred in whole or in part by the doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

108. The causes of action asserted in the TPC are barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

109. With respect to the Fifth Cause of Action, Kobalt owed no duty to Spotify.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

110. With respect to the Fifth Cause of Action, Kobalt's alleged negligence was not and is not the proximate cause of any damage allegedly suffered by Spotify by reason of this

action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

111. To the extent that any damage allegedly suffered by Spotify by reason of this action resulted from the negligence of any party, Spotify and HFA contributed to the same.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

112. To the extent that any damage allegedly suffered by Spotify by reason of this action resulted from the negligence of any party, Eight Mile and its agent and administrator Bridgeport contributed to the same.

### AS AN FOR AN ELEVENTH AFFIRMATIVE DEFENSE

113. To the extent that the Fifth Cause of Action is premised on any alleged intentional misrepresentation by Kobalt, such alleged misrepresentation is not pleaded with sufficient particularity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

114. Any reliance Spotify allegedly placed on any representation made to it by Kobalt under the 2016 Mechanical License Agreement, the April 2016 Agreement, or otherwise, was not justifiable with respect to the Compositions in light of the totality of the circumstances.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

115. To the extent Spotify suffered any damage by reason of this action, such damage was caused by Spotify's agent, HFA, and not by Kobalt.

**WHEREFORE,** Kobalt respectfully requests that this Court enter an Order dismissing Spotify's Third-Party Complaint in all respects; awarding to Kobalt its costs, expenses and reasonable attorneys' fees as the prevailing party, as provided in the December 15, 2016 Mechanical License Agreement between Spotify and Kobalt; and granting such other and further relief as this Court may deem appropriate.

Dated: July 27, 2020

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
Keane A. Barger (BPR # 33196)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
twarnock@rwjplc.com
kbarger@rwjplc.com

Brian D. Caplan (*pro hac vice application to be submitted*)
Robert W. Clarida (*pro hac vice application to be submitted*)
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com

*Attorneys for Third-Party Defendant*
*Kobalt Music Publishing America, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on July 27, 2020 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Mark H. Wildasin
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue
Suite A961 Nashville,
TN 37203
mark.wildasin@usdoj.gov
*Attorneys for Plaintiffs*

Richard S. Busch
King & Ballow
315 Union Street
Suite 1100
Nashville, TN 37201
rbusch@kingballow.com
*Attorneys for Plaintiffs*

Aubrey B. Harwell III (BPR #017394)
Marie T. Scott (BPR # 032771)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
tharwell@nealharwell.com
mscott@nealharwell.com

Andrew J. Pincus
Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
apincus@mayerbrown.com
aparasharami@mayerbrown.com

Allison Levine Stillman
Matthew D. Ingber
Rory K. Schneider
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
mingber@mayerbrown.com
astillman@mayerbrown.com
rschneider@mayerbrown.com

Kathleen M. Sullivan
Carey R. Ramos
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
kathleensullivan@quinnemanuel.com
careyramos@quinnemanuel.com

Thomas C. Rubin
QUINN EMANUEL URQUHART & SULLIVAN, LLP
600 University Street, Suite 2800
Seattle, WA 98101
tomrubin@quinnemanuel.com

*Attorneys for Defendant/Third-Party Plaintiff Spotify USA, Inc.*

*/s/ Timothy L. Warnock*