## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> SPOTIFY USA INC.; HARRY FOX AGENCY, LLC, <br><br> *Defendants*. | Civil Case No. 19-CV-00736 <br><br> Hon. Aleta A. Trauger <br><br> JURY DEMAND |

SPOTIFY USA INC.,

        *Third-Party Plaintiff*,

v.

KOBALT MUSIC PUBLISHING
AMERICA, INC.,

        *Third-Party Defendant*.

## <u>JOINT MOTION FOR ENTRY OF PROPOSED AGREED ORDER</u>

Eight Mile Style, LLC, Martin Affiliated, LLC, Spotify USA Inc., The Harry Fox Agency, LLC, and Kobalt Music Publishing America, Inc. (collectively the "Parties") jointly move the Court for entry of a Stipulated Protective Order.

Dated: September 14, 2020                 Respectfully Submitted,

<div style="display: flex;">
<div style="width: 50%;">

By: /s/ Richard S. Busch

Richard S. Busch (TN Bar # 14594)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 726-5422
Facsimile: (615) 726-5417
rbusch@kingballow.com

*Attorney for Plaintiffs Eight Mile*
*Style, LLC and Martin Affiliated, LLC*

By: /s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
Keane A. Barger (BPR #33196)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
twarnock@rwjplc.com
kbarger@rwjplc.com

Brian D. Caplan
Robert W. Clarida
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com

*Attorneys for Third-Party Defendant*
*Kobalt Music Publishing America, Inc.*

By: /s/ Jay S. Bowen
Jay S. Bowen (BPR #02649)
Lauren E. Kilgore (BPR #030219)
Shackelford, Bowen, McKinley & Norton, LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Telephone: (615) 329-4440
jbowen@shackelford.law
lkilgore@shackelford.law

*Attorneys for Defendant Harry Fox Agency, LLC*

</div>
<div style="width: 50%;">

By: /s/ Aubrey B. Harwell III

NEAL & HARWELL, PLC
Aubrey B. Harwell III (BPR #017394)
Marie T. Scott (BPR # 032771)
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573
tharwell@nealharwell.com
mscott@nealharwell.com

Allison Levine Stillman*
Matthew D. Ingber*
Rory K. Schneider*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
mingber@mayerbrown.com
astillman@mayerbrown.com
rschneider@mayerbrown.com

Andrew J. Pincus*
Archis A. Parasharami*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3328
apincus@mayerbrown.com
aparasharami@mayerbrown.com

Carey R. Ramos*
Kathleen M. Sullivan*
Cory Struble*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 895-2500
kathleensullivan@quinnemanuel.com
careyramos@quinnemanuel.com
corystruble@quinnemanuel.com

Thomas C. Rubin*

</div>
</div>

2

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
600 University Street, Suite 2800
Seattle, WA 98101
Telephone: (206) 905-7000
tomrubin@quinnemanuel.com

*Attorneys for Defendant and Third-Party
Plaintiff Spotify USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on September 14, 2020 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

James F. Blumstein
Of Counsel
Vanderbilt University
131 21st Avenue South
Nashville, TN 37203
(615) 343-393
james.blumstein@vanderbilt.edu

Mark H. Wildasin
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue
Suite A961
Nashville, TN 37203
(615) 736-2079
mark.wildasin@usdoj.gov

*/s/ Richard S. Busch*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC, | Civil Case No. 19-CV-00736 |
| *Plaintiffs*, | Hon. Aleta A. Trauger |
| v. | JURY DEMAND |
| SPOTIFY USA INC.; THE HARRY FOX AGENCY, LLC, | |
| *Defendants*. | |
| SPOTIFY USA INC., | |
| *Third-Party Plaintiff*, | |
| v. | |
| KOBALT MUSIC PUBLISHING AMERICA, INC., | |
| *Third-Party Defendant*. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties stipulate to the following Protective Order ("Protective Order") limiting the disclosure and use of certain discovered information as herein provided:

1.      A.      <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties

5

acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.     GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been

6

maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order alone does not entitle them to file confidential information under seal. To the extent that a pleading or other paper references an exhibit designated for protection under this Protective Order, then the pleading or other paper shall comply with Section 5.07 of the Amended Administrative Practices and Procedures for Electronic Case Filing for the United States District Court for the Middle District of Tennessee [Administrative Order No. 167-1], and any other applicable rules and orders.

The parties further acknowledge that this Court applies the following standard for sealing documents in the record: "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v Federal Home Loan Mortgage Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016)). The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" does not, without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable, constitute good cause.

For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested

7

sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: the above-captioned action currently pending in the United States District Court for the Middle District of Tennessee.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff). House Counsel shall also include Plaintiffs' transactional counsel Mark Levinsohn and his associates and support staff, provided Mr. Levinsohn signs the "Acknowledgement and Agreement to be Bound" (Exhibit A).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY".

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel other than Mark Levinsohn and his associates and support staff.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that Party, and such attorneys' support staff.

2.11    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, affiliates, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support or administrative services (e.g., photocopying, videotaping, translating, preparing exhibits or

9

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY". Protected Material is "CONFIDENTIAL" if it is information that is non-public, proprietary, commercially sensitive, and/or subject to third party privacy or confidentiality restrictions. Protected Material is "CONFIDENTIAL – COUNSEL'S EYES ONLY" if it is information that qualifies as "CONFIDENTIAL" and is extremely sensitive, the disclosure of which to another party would create risk of competitive injury. The "CONFIDENTIAL – COUNSEL'S EYES ONLY" designation is limited to confidential and sensitive matters of a proprietary business or technical nature that might be of value to a potential competitor of the Producing Party that the Producing Party contends must be protected from disclosure to other parties or third parties. The "CONFIDENTIAL – COUNSEL'S EYES ONLY" designation is intended to be used sparingly.

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Source Code Material: material that contains or substantively relates to computer source code and/or live data (that is, data as it exists residing in a database or databases) and documents containing source code or algorithms and data upon which the source code is based.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order does not contemplate the production of Source Code Material. The Parties do not contemplate the production of Source Code Material in this Action. In the event a Party requests that another Party make available Source Code Material, the Requesting Party shall notify all Parties before engaging the Producing Party in negotiations regarding a separate source code protective order and all Parties will collectively negotiate a protective order governing the production of Source Code Material. No Party is required to produce or make available for inspection any Source Code Material until the Court has entered a separate protective order governing the treatment of Source Code Material.

4.    DURATION AND USE OF PROTECTED MATERIAL

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Nat'l Polymer Prod., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981) (reiterating "well-established principle . . . that the release of information in open trial is a publication of that information [and] . . . operates as a waiver of any rights a party had to restrict its further use."). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. Sufficiently prior to trial, the parties will meet and confer to address the treatment of any Protected Material at trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (e.g., the second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" (hereinafter the "CONFIDENTIALITY LEGEND") to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIALITY LEGEND to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        (b)      for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material and all protected testimony on the record before the close of the deposition. Alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, be marked "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY". Until thirty (30) days after the final certified transcript of any deposition, the transcript of that deposition will be subject to the protections granted to "CONFIDENTIAL – COUNSEL'S EYES ONLY" material. In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this Action and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this Action or pursuant to written stipulation of the Parties."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIALITY LEGEND". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     for electronic information produced in native format or another format that does not permit designation of pages, that the Producing Party include the CONFIDENTIALITY LEGEND in the associated metadata, if possible, and on the placeholder page. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  Inadvertent failure to timely designate material as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" shall not constitute a waiver of the Producing Party's ability to designate material as Confidential Information at a later time. Any party that inadvertently or unintentionally produces Confidential Information without designating it as Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information or material derived from or based thereon. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4   <u>Changes to Designations</u>.   A party may upward designate (i.e., change any documents without a designation to a designation of "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL'S EYES ONLY" ) any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward designating party's own Protected Material, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Information to be re-designated. Any party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time  prior to the latest date by which the parties are to file motions for summary judgment pursuant to the Court's Scheduling Order.

6.2   <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.01.

6.3   <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

15

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Parties to this Action;

(b)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)    the officers, directors, and employees (including House Counsel and in-house legal staff) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that:

(1)     such Experts are not presently employed by the Parties hereto for purposes other than this Action;

(2)     the Party seeking to disclose such information shall also provide the Producing Party with an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to any such disclosure.

(3)     Within five (5) days of receipt of the executed copy of the "Acknowledgement and Agreement to Be Bound" (Exhibit A) required by Sections 7.2(d)(2), the Producing Party or Parties may object in writing to disclosure of Protected Material to the Expert for good cause. For purposes of this section, what constitutes "good cause" is in dispute between the Parties and is addressed in the Case Management Order. In the absence of an objection at the end of the five (5) day period, the Protected Material may be disclosed to the Expert under this Protective Order.

In the event of a timely objection, the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five (5) days of the notice or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. No disclosure shall occur until all such objections are resolved by agreement or Court order. To the extent necessary, all deadlines relating to the challenged Expert (including the filing of the Expert's report and any rebuttals thereto) shall be extended by the amount of time during which any such motion is pending before this Court. Should the aforementioned motion be filed, and granted, the party losing the motion shall be given a reasonable time to be agreed upon by the Parties to find a replacement Expert if it so desires. All expert discovery deadlines and all subsequent deadlines

17

contained within the Case Management Order will be extended by any additional time provided to a Party to find a replacement Expert.

An initial failure to object to an Expert under this paragraph shall not preclude the non-objecting Party from later objecting to continued access by that Expert for good cause as discussed above. If an objection is made, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. The designated Expert may continue to have access to information that was provided to such Expert prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Expert until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the Expert;

(e)     Non-Parties (as defined in this Order) to whom the Receiving Party believes disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that:

(1)     Before making any disclosure to any Non-Party, the Receiving Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Non-Party; (ii) the present employer and title of the Non-Party; (iii) an up-to-date curriculum vitae of the Non-Party, though if no up-to-date curriculum vitae of the Non-Party exists, then the Receiving Party shall provide a current LinkedIn profile or similar document; (iv) an identification of the specific documents by Bates Number that the Receiving Party wishes to disclose to the Non-Party.

(2)     the Party seeking to disclose such information shall also provide the Producing Party with an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to any such disclosure.

(3)     Within five (5) days of receipt of the written notice required by 7.2(e)(1) and an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) required by Section 7.2(e)(2), the Producing Party or Parties may object in writing to the disclosure of Protected Material to the Non-Party and provide a brief explanation for its objection in writing. No disclosure shall take place until the five (5) day period has elapsed without an objection by the Producing Party, or until an objection made by the Producing Party within the five (5) day period has been resolved.

i.     The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the Receiving Party may file a motion with the Court within five (5) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. No disclosure shall occur until all such objections are resolved by agreement or Court order.

ii.     In the absence of an objection at the end of the five (5) day period, the Non-Party shall be deemed approved under this Protective Order, but only to view the specific documents identified by the Receiving Party required by 7.2(e)(1)(iv).

(4)     Disclosure under 7.2(e) shall be limited to two (2) individuals per side.  However, if any Party desires to add an additional Non-Party pursuant to the Procedures of this § 7.2(d), it may do so by agreement or, in the absence of agreement by court order, upon a showing of good cause as to why disclosure to the additional Non-Party is necessary;

(5)     For clarity, 7.2(e) does not apply to experts.

(f)     the court and its personnel;

19

(g)     court reporters and their staff;

(h)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)     the author, recipient, or custodian of a document containing the information;

(j)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided the witness signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(k)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, provided that such persons have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(l)     any other persons as to whom all the Parties agree in writing, provided that such persons have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  The Parties agree to consider such requests in good faith.  No disclosure to such other persons shall take place until all the Parties agree in writing.

7.3     <u>Disclosure of Protected Material Designated "CONFIDENTIAL – COUNSEL'S EYES ONLY."</u> Unless ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – COUNSEL'S EYES ONLY," only to:

a) the Receiving Party's Outside Counsel of Record and the Receiving Party's House Counsel (as defined above) and their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the requirements of Section 7.2(d)(1)-(3).

c) the court and its personnel provided appropriate measures are taken to avoid public disclosure (including filing under seal) absent written consent of the Producing Party;

d) court reporters and their staff provided appropriate measures are taken to avoid public disclosure (including filing under seal) absent written consent of the Producing Party;

e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f) the author, recipient, or custodian of a document containing the information;

g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, provided that such persons have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

21

h) any other persons as to whom all the Parties in writing agree, provided that such persons have first been given a copy of this Order and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Parties agree to consider such requests in good faith. No disclosure to such other persons shall take place until all the Parties agree in writing.

8.    DISCOVERY OF EXPERT MATERIALS.

Drafts of reports of testifying Experts, and reports and other written materials, including drafts, of consulting Experts, shall not be discoverable. The identity of consulting Experts shall also not be discoverable unless either their opinions are relied upon by any testifying Expert or the exceptions in Federal Rule of Civil Procedure 26(b)(4)(D) otherwise apply; provided for the sake of clarity that disclosure of Protected Material to consulting Experts is still governed by the provisions of this Order regarding Experts. Testifying Experts shall not be subject to discovery with respect to any draft of his or her report(s) in this Action. Draft notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery. Discovery of materials provided to testifying Experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying Expert in forming his or her final report, trial, or deposition testimony or any opinion in this Action. No discovery can be taken from any non-testifying Expert except to the extent that such non-testifying Expert has provided information, opinions, or other materials to a testifying Expert relied upon by that testifying Expert in forming his or her final report(s), trial and/or deposition testimony or any opinion in this Action. No conversations or communications between counsel and any testifying or consulting Expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in final reports or trial or

22

deposition testimony in this Action. All drafts, materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this Action and Order.

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED  IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

24

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

        (a)     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), as modified below (deletions struck through; additions underlined):

        (b)     Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve and return or destroy the information if the party disclosed it before being notified; and may promptly present the information any challenge to the privilege claim to the court pursuant to

Local Rule 37.01 ~~under seal~~ for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(c)     This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(d)     Pursuant to Federal Rule of Evidence 502(d) and (e), the parties have reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, as follows: The Parties anticipate that significant volumes of documents and information will be produced and that there is a risk that, despite the exercise of reasonable steps to prevent disclosure, material subject to a claim of privilege may be produced. Rule 502(d) provides that a "federal court may order that the privilege protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). Rule 502(d); *see also Automated Solutions Corp. v. Paragon Data Systems, Inc*., 756 F.3d 504, 518 n.6 (6th Cir. 2014) (noting that such "claw-back agreements are generally enforceable, *see* Fed. R. Evid. 502(e)"). Accordingly, the Parties' stipulated Rule 502(d) order is hereby incorporated into this Stipulated Protective Order.

13.     MISCELLANEOUS

13.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      13.3   <u>Filing Protected Material</u>. The Parties will comply with Administrative Order No. 167-1 regarding the filing and use of Protected Material. Consistent with this Order, before filing with the Court any transcript, exhibit, pleading, brief, or other document containing information designated as Protected Material, the Parties will seek approval of the Court for filing such Protected Material under seal or, if the material has been designated by another Party, provide the Producing Party with a minimum of three (3) business days' notice prior to filing, in order to allow the Producing Party an opportunity to seek approval of the Court to file such Protected Material under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14.   <u>FINAL DISPOSITION</u>

      After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon written request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

27

Case 3:19-cv-00736   Document 121   Filed 09/14/20   Page 27 of 31 PageID #: 971

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain (1) an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material; and (2) any copies of Protected Material created by the routine operation of backup procedures for a Party's or a Party's Counsel's information storage systems. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

15.     VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. In the event motion practice is required to enforce the terms of this Order, and a party is found by the Court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  September 14, 2020                    Respectfully Submitted,

By: */s/ Richard S. Busch*                    By: */s/ Aubrey B. Harwell III*
Richard S. Busch (BPR # 14594)                Aubrey B.  Harwell III (BPR #017394)
KING & BALLOW                                 Marie T. Scott (BPR # 032771)
315 Union Street, Suite 1100                  NEAL & HARWELL, PLC
Nashville, TN 37201                           1201 Demonbreun Street, Suite 1000
Telephone: (615) 726-5422                     Nashville, TN 37203
Facsimile: (615) 726-5417                     Telephone: (615) 238-3526
Email: rbusch@kingballow.com                  Facsimile: (615) 726-0573
                                              tharwell@nealharwell.com
*Attorney for Plaintiffs Eight Mile*          mscott@nealharwell.com
*Style, LLC and Martin Affiliated, LLC*       Allison Levine Stillman (*pro hac vice*)

28

By: _/s/ Timothy L. Warnock_
Timothy L. Warnock (BPR # 12844)
Keane A. Barger (BPR # 33196)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
twarnock@rwjplc.com
kbarger@rwjplc.com

Brian D. Caplan (_pro hac vice_)
Robert W. Clarida (_pro hac vice_)
REITLER KAILAS & ROSENBLATT LLC
885 Third Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com

_Attorneys for Third-Party Defendant_
_Kobalt Music Publishing America, Inc._

By: _/s/ Jay S. Bowen_
Jay S. Bowen (BPR # 02649)
Lauren E. Kilgore (BPR # 030219)
SHACKELFORD, BOWEN, MCKINLEY
& NORTON, LLP
1 Music Circle South
Suite 300
Nashville, TN 37203
Telephone: (615) 329-4440
jbowen@shackelford.law
lkilgore@shackelford.law

_Attorneys for Defendant Harry Fox Agency,_
_LLC_

Matthew D. Ingber (_pro hac vice_)
Rory K. Schneider (_pro hac vice_)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
mingber@mayerbrown.com
astillman@mayerbrown.com
rschneider@mayerbrown.com

Andrew J. Pincus (_pro hac vice_)
Archis A. Parasharami (_pro hac vice_)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3328
apincus@mayerbrown.com
aparasharami@mayerbrown.com

Kathleen M. Sullivan (_pro hac vice_)
Carey R. Ramos (_pro hac vice_)
Cory Struble (_pro hac vice_)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 895-2500
kathleensullivan@quinnemanuel.com
careyramos@quinnemanuel.com

Thomas C. Rubin (_pro hac vice_)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
600 University Street, Suite 2800
Seattle, WA 98101
Telephone: (206) 905-7000
tomrubin@quinnemanuel.com

_Attorneys for Defendant and Third-Party_
_Plaintiff Spotify USA Inc._

29

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address, email address, and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Middle District of Tennessee on _____ [date] in *Eight Mile Style, LLC v. Spotify USA Inc.*, No. 3:19-cv-00736.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Tennessee for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address, email address, and telephone number] as my Tennessee agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC, | Civil Case No. 19-CV-00736 |
| *Plaintiffs*, | Hon. Aleta A. Trauger |
| v. | |
| SPOTIFY USA INC.; THE HARRY FOX AGENCY, LLC, | |
| *Defendants*. | |

| |
|---|
| SPOTIFY USA INC., |
| *Third-Party Plaintiff*, |
| v. |
| KOBALT MUSIC PUBLISHING AMERICA, INC., |
| *Third-Party Defendant*. |

## <u>PROPOSED AGREED ORDER</u>

The Court hereby GRANTS the parties' Joint Motion for Entry of an Agreed Order.

The Stipulated Protective Order agreed to by the parties, attached hereto, is hereby entered.

IT IS SO ORDERED.

Entered this _____ day of _____, 2020.

_____