# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC, | |
| *Plaintiffs*, | Civil Case No. 3:19-CV-00736 |
| v. | Hon. Aleta A. Trauger |
| SPOTIFY USA INC.; HARRY FOX AGENCY, LLC, | JURY DEMAND |
| *Defendants*, | |
| SPOTIFY USA INC., | |
| *Third-Party Plaintiff*, | |
| v. | |
| KOBALT MUSIC PUBLISHING AMERICA, INC., | |
| *Third-Party Defendant*. | |

## SPOTIFY USA INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT WITH <u>AFFIRMATIVE DEFENSES</u>

Defendant Spotify USA Inc. ("Spotify"), by and through its undersigned attorneys, hereby files its Amended Answer to Plaintiffs' First Amended Complaint with Affirmative Defenses as follow.

## <u>PRELIMINARY STATEMENT</u>

Spotify is the leading global digital music streaming service, currently operating in 92 markets, with 299 million monthly active users and over 60 million tracks. Built to reverse the trend of music piracy which grew out of the Internet file-sharing platforms that were rampant in

1

the early 2000s and to provide fair compensation for artists, Spotify allows users to stream music and other content on demand over the Internet and through mobile applications on various devices. Spotify expends tremendous effort and resources to ensure that the various rights in any given track made available on its service are properly licensed and that rightsholders are appropriately compensated. Since launching the service, Spotify has paid over $16 billion to rightsholders.

This action was originally commenced more than eight years after Spotify's launch in the United States, by two Michigan business entities (collectively "Eight Mile") that acquired a portion of the rights to musical compositions written by the hip-hop artist Eminem. This is not an action by or on behalf of Eminem or his direct representatives; indeed, Eminem was "just as surprised as anyone else" by Eight Mile's lawsuit. The lawsuit was especially surprising because Eight Mile has consistently and without objection accepted substantial royalty payments from Spotify for almost a decade leading up to this lawsuit for streams and limited downloads of sound recordings embodying musical compositions it now claims to assert against Spotify. Eight Mile suddenly argues those same sound recordings should not have been made available to Spotify users at all. Yet Eight Mile knowingly allowed its licensing agents, including Kobalt, and its affiliates, to grant mechanical licenses to Spotify and to collect royalty payments on Eight Mile's behalf pursuant to those agreements. Plaintiffs cannot authorize musical compositions to be reproduced and distributed, and accept the benefits of such reproduction and distribution, only to then turn around and claim willful copyright infringement.

What is more, Congress enacted the Music Modernization Act ("MMA") in October 2018 to eliminate the very type of lawsuit that Plaintiffs now bring, threatening levels of damages and liability that are not available under the statutory scheme. For lawsuits filed on or after January 1, 2018, the MMA makes statutorily prescribed royalties a copyright claimant's "sole and exclusive"

2

remedy provided certain requirements are met. Under this scheme, Spotify's ongoing compliance with the statute strictly limits any remedy to statutory royalties.

Recognizing the additional impediment the MMA poses for its already-weak claim, Eight Mile devoted a substantial portion of its original complaint to alleging that Spotify failed to satisfy the MMA's requirements for invoking the statute's limitation on liability. Notably, however, Eight Mile materially mischaracterized how those requirements work, asserting that the MMA requires compliance by the "earlier" of two potential deadlines, when in fact the statute calls for compliance by the "later" of the two dates. Eight Mile's failure to honor the statutory text is material—if Eight Mile's false premise were accurate, Spotify would be required to travel back in time up to 7 years before the statute was enacted to comply with a new statutory requirement that is expressly forward looking. Spotify pointed out the misstatement in its Answer, in addition to asserting a claim against Kobalt Music Publishing America ("Kobalt"), based on its role in having licensed the musical compositions at issue to Spotify.

In response, Eight Mile amended its complaint. Yet rather than correcting its misstatement of the law, Eight Mile chose to add, in tit-for-tat style, claims against Spotify's licensing agent Harry Fox Agency ("HFA"). And, in an apparent effort to dress up their new claims, Eight Mile tacked on accusations of a "fraudulent scheme" and a "conspiracy"—accusations that are unsupported by any details whatsoever, despite the requirements of Federal Rule of Civil Procedure 9(b). But Eight Mile's repetition of the mantras "fraud" and "conspiracy" do not make them true. Tellingly, Eight Mile has not attempted to allege specific facts—the "who, what, when, where, why, and how" that Rule 9(b) demands—to support its belated (and logically far-fetched) theory of "fraud" and "conspiracy" between Spotify and HFA. In fact, a redline comparison of the First Amended Complaint against the Complaint shows that Eight Mile often simply inserted some

3

form of the word "fraud" in front of a preexisting allegation, without explanation. These scattershot references to fraudulent conduct are baseless; they are also, as abundant case law makes clear, legally irrelevant to the only claims that Eight Mile has asserted—that is, under the Copyright Act. If anything, the cries of fraud and conspiracy serve to underscore that Eight Mile's legal claims won't stand up on their own.

## GENERAL DENIAL

Except as otherwise expressly stated herein, Spotify (1) generally denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the preamble, introduction, headings, subheadings, unnumbered Paragraphs and footnotes of the Complaint; (2) specifically denies that it has caused Plaintiffs to suffer any harm, losses, or damages; (3) denies any liability to Plaintiffs; and (4) declines to adopt or acknowledge as accurate any defined terms in the Complaint to the extent they constitute allegations directed at Spotify. Spotify reserves the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiffs in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges. Spotify reserves the right to seek to amend or supplement its Answer as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

## NATURE OF THE ACTION

1.      To the extent the allegations in Paragraph 1 contain legal conclusions, Plaintiffs' characterization of their legal claims, and Plaintiffs' definitions of terminology, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 1 and denies that Plaintiffs have stated a claim or are entitled to any relief. To the extent Paragraph 1

contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

2.      To the extent the allegations in Paragraph 2 contain legal conclusions, Plaintiffs' characterization of their legal claims, and Plaintiffs' definitions of terminology, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 2. To the extent Paragraph 2 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

3.      To the extent the allegations in Paragraph 3 contain legal conclusions, Plaintiffs' characterization of their legal claims, and Plaintiffs' definitions of terminology, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 3 and specifically denies that the allegations accurately and completely describe Spotify's business and history.

4.      To the extent the allegations in Paragraph 4 contain legal conclusions, Plaintiffs' characterization of their legal claims, and Plaintiffs' definitions of terminology, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 4. To the extent Paragraph 4 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

5.      To the extent the allegations in Paragraph 5 contain legal conclusions, Plaintiffs' characterization of their legal claims, and Plaintiffs' definitions of terminology, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 5. To the extent Paragraph 5 contains allegations directed at or characterizations of entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

6.     Spotify denies the allegations in Paragraph 6 and specifically denies the allegations in Paragraph 6 concerning Plaintiffs' characterizations of Kobalt's purported beliefs for lack of knowledge or information sufficient to form a belief as to their truth.

7.     Spotify admits that sound recordings embodying the Compositions have streamed more than a billion times worldwide on Spotify's platform. Spotify denies the remaining allegations in Paragraph 7 and denies that Plaintiffs have suffered any harm, losses, or damages.

8.     Spotify denies the allegations in Paragraph 8 concerning the composition "Lose Yourself" for lack of knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 8 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 8. To the extent Paragraph 8 contains allegations directed at or characterizations of entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

9.     To the extent the allegations in Paragraph 9 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 9. To the extent Plaintiffs purport to characterize Spotify's relationship with any other entity, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 9 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

10.     To the extent Paragraph 10 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

11.     To the extent the allegations in Paragraph 11 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 11. To the extent Plaintiffs purport to characterize Spotify's relationship with any other entity, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 11 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 12. To the extent Plaintiffs purport to characterize Spotify's relationship with any other entity, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 12 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 13. To the extent Paragraph 13 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

14. To the extent the allegations in Paragraph 14 contain legal conclusions, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 14 and specifically denies that the allegations in Paragraph 14 accurately and completely describe Spotify's services and business practices.

15. To the extent the allegations in Paragraph 15 contain legal conclusions, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 15 and specifically denies that the allegations in Paragraph 15 accurately and completely describe Spotify's services and business practices. To the extent Plaintiffs purport to characterize other litigations or settlements, Spotify denies that Plaintiffs have completely and accurately described those litigations or settlements. To the extent the allegations in Paragraph 15 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 15. To the extent Paragraph 15 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

16. Spotify admits that it is a digital streaming service that allows users, through different paid subscriptions and free accounts, to stream and perform conditional, limited downloads of music and other content over the Internet and through mobile applications on various devices. Spotify otherwise denies the allegations in Paragraph 16 and denies that the allegations accurately and completely describe Spotify's services and business practices, except admits it utilizes servers located within the United States.

17. Spotify admits that it entered into an agreement with the NMPA and agreements with certain NMPA members. To the extent the allegations in Paragraph 17 purport to characterize

the agreement between NMPA and Spotify or the agreements between certain NMPA members and Spotify, Spotify denies that Plaintiffs have accurately and completely characterized the agreements, which speak for themselves. Spotify denies all remaining allegations in Paragraph 17. To the extent Paragraph 17 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

18.     Spotify admits that it entered into an agreement with the NMPA and agreements with certain NMPA members. To the extent the allegations in Paragraph 18 purport to characterize the agreement between NMPA and Spotify or the agreements between certain NMPA members and Spotify, Spotify denies that Plaintiffs have accurately and completely characterized the agreements, which speak for themselves. Spotify denies all remaining allegations in Paragraph 18. To the extent Paragraph 18 contains allegations directed at or characterizations of entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

19.     Spotify admits that the Music Modernization Act limits a copyright-infringement plaintiff to recovering statutory royalties under certain circumstances. To the extent the allegations in Paragraph 19 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 19.

20.     The allegations in Paragraph 20 consist of legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 contain legal conclusions, to which no response is required. To the extent the allegations in Paragraph 21 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 21.

22.     The allegations in Paragraph 22 contain legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 22. To the extent the allegations in Paragraph 22 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 22.

23.     The allegations in Paragraph 23 contain legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 23. To the extent Paragraph 23 contains allegations directed at or characterizations of entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 23 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 23. Specifically, despite Spotify already having identified the issue in its Answer to the Complaint, Plaintiffs have once again inaccurately quoted the MMA in a way that fundamentally alters its meaning. The relevant language states "[n]ot later than 30 calendar days after first making a particular sound recording of a musical work available through its service via one or more covered

10

activities, or 30 calendar days after the enactment date, whichever occurs *later*." Plaintiffs replace the term "later" with the term "earlier" and thereby attempt to mislead the Court about the relevant timing for compliance with the MMA's limitation on liability.

24.     Spotify denies the allegations in Paragraph 24. To the extent the allegations in Paragraph 24 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 24. To the extent Paragraph 24 contains allegations directed at or characterizations of entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

25.     The allegations in Paragraph 25 contain legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 25. To the extent the allegations in Paragraph 25 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 25. To the extent Paragraph 25 contains allegations directed at or characterizations of entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

26.     Spotify denies the allegations in Paragraph 26. To the extent the allegations in Paragraph 26 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 26.

27.    Spotify denies the allegations in Paragraph 27. To the extent the allegations in Paragraph 27 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 27.

28.    Spotify denies the allegations in Paragraph 28 to the extent directed at Spotify. Spotify denies the remaining allegations in Paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29.    The allegations in Paragraph 29 contain legal conclusions and Plaintiffs' characterization of their legal claims, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 29.

30.    The allegations in Paragraph 30 consist of legal conclusions and Plaintiffs' characterization of their legal claims, to which no response is required. To the extent a response is deemed required, Spotify denies allegations in Paragraph 30.

31.    The allegations in Paragraph 31 contain legal conclusions, to which no response is required. To the extent a response is deemed required, Spotify denies the allegations in Paragraph 31 to the extent directed at Spotify. To the extent the allegations in Paragraph 31 purport to characterize the agreements between certain NMPA members and Spotify, Spotify denies that Plaintiffs have accurately and completely characterized the agreements and the circumstances surrounding them; the agreements speak for themselves. To the extent the allegations in Paragraph 31 purport to quote from and characterize Spotify's statements, Spotify denies that Plaintiffs have accurately and completely characterized the statements; those statements speak for themselves.

12

Spotify denies the remaining allegations in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

## PARTIES

32.     Spotify denies the allegations in the first two sentences of Paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Spotify denies the remaining allegations in Paragraph 32.

33.     Spotify denies the allegations in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.     To the extent the allegations in Paragraph 34 consist of legal conclusions, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Spotify admits that it is a Delaware corporation with its principal place of business in New York, New York, but denies that its principal place of business is located at 45 W. 18th Street, 7th Floor, New York, New York 10011. Spotify further admits that it maintains one office in Tennessee, located at 1033 Demonbreun Street, Nashville, Tennessee 37203.

36.     Spotify denies the allegations in Paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

## JURISDICTION AND VENUE

37.     The allegations in Paragraph 37 consist of legal conclusions and Plaintiffs' characterization of their legal claims to which no response is required. To the extent a response is required, Spotify admits that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited.

13

38. The allegations in Paragraph 38 consist of legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 38.

39. The allegations in Paragraph 39 consist of legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 39.

40. Spotify admits that Spotify maintains an office in Nashville, Tennessee. Spotify otherwise denies the allegations in Paragraph 40.

41. Spotify denies the allegations in Paragraph 41 and denies that the allegations accurately and completely describe Spotify's services and business practices in Tennessee, except Spotify admits that Spotify has registered users in Tennessee.

42. Spotify admits that John Marks, Brittany Schaffer, Alison Junker, and James Clauer are employed by Spotify and based in Spotify's Nashville office, as are other employees.

43. Spotify admits the article referenced in Paragraph 43 was published but denies that Plaintiffs have accurately and completely characterized the referenced article; the article speaks for itself.

44. Spotify admits that Spotify has registered users in Tennessee. Spotify otherwise denies the allegations in Paragraph 44, including in part for lack of knowledge or information sufficient to form a belief as to their truth.

45. Spotify denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. The allegations in Paragraph 46 consist of legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 46.

47.     To the extent Paragraph 47 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

48.     To the extent Paragraph 48 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

49.     To the extent the allegations in Paragraph 49 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 49. To the extent Plaintiffs purport to characterize Spotify's relationship with any other entity, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 49 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

50.     Spotify admits that it maintains an office in Nashville, Tennessee. To the extent the other allegations in Paragraph 50 contain legal conclusions and Plaintiffs' characterization of their legal claims, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 50. To the extent Plaintiffs purport to characterize Spotify's relationship or agreement with any other entity, Spotify denies that Plaintiffs have completely and accurately described that relationship or agreement. To the extent Paragraph 50 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

15

51.     The allegations in Paragraph 51 consist of legal conclusions, to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 51. To the extent Paragraph 51 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

## FACTS

52.     Spotify denies the allegations in Paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53.     Spotify denies the allegations in Paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54.     Spotify denies the allegations in Paragraph 54.

55.     Spotify denies the allegations in Paragraph 55 to the extent directed at Spotify. Spotify denies the remaining allegations in Paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56.     Spotify denies the allegations in Paragraph 56 to the extent directed at Spotify. Spotify denies the remaining allegations in Paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57.     Spotify admits that it is a digital music streaming service that allows users to stream music and other content over the Internet and through mobile applications, and that there are different forms of the service in the United States, including an ad-supported service that includes advertisements served to users and that does not charge any subscription fees to users, and a paid subscription version that allows subscribers to listen to content on-demand, offline, and without commercial breaks in their music listening experience. Spotify further admits that a 2020

16

announcement reported that the Spotify service, including as operated by Spotify USA Inc. and by parents or affiliates of Spotify USA Inc. in other countries, had more than 286 million active users globally, including over 130 million subscribers. Spotify otherwise denies the allegations in Paragraph 57, and specifically denies that the allegations in Paragraph 57 accurately and completely describe Spotify's services and business practices and any applicable requirements under the U.S. Copyright Act.

58.     Spotify admits that subscribers to Spotify's subscription service in the United States can, under certain circumstances and subject to certain limitations, make conditional, limited downloads of content. Spotify otherwise denies the allegations in Paragraph 58. To the extent the allegations in Paragraph 58 purport to quote from and characterize a website, Spotify denies that Plaintiffs have accurately and completely characterized the website; the website speaks for itself.

59.     The allegations in Paragraph 59 consist of legal conclusions, to which no response is required. To the extent the allegations in Paragraph 59 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 contain assertions of Plaintiffs' opinion, no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 60.

61.      Spotify denies the allegations in Paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62.     Spotify denies the allegations in the last sentence of Paragraph 62 to the extent it is directed at Spotify. Spotify denies the remaining allegations in Paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63.     Spotify denies the allegations in Paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64.     Spotify denies that the allegations in Paragraph 64 accurately and completely describe the business and history of Spotify and its founders. Spotify specifically denies that Spotify launched in the United States in June 2011, and avers that Spotify was launched in the United States in July 2011.

65.     Spotify denies that the allegations in the first two sentences of Paragraph 65 accurately and completely describe Spotify's business and history. Spotify denies the remaining allegations in Paragraph 65.

66.     Spotify denies that the allegations in Paragraph 66 accurately and completely describe Spotify's business and history, except admits that its parent organization entered into various financing arrangements during the aforementioned time period. Spotify denies the remaining allegations in Paragraph 66.

67.     Spotify admits that a 2015 announcement reported that the Spotify service, including as operated by Spotify USA Inc. and by parents or affiliates of Spotify USA Inc. in other countries, had approximately 75 million active users globally, including approximately 20 million subscribers.

68.     Spotify denies that the allegations in Paragraph 68 accurately and completely describe Spotify's business and history, except admits that its parent organization entered into

18

various financing arrangements during the aforementioned time period. Spotify denies the remaining allegations in Paragraph 68.

69.     Spotify admits that its parent organization engaged in an initial public offering in 2018 and, as of the date of the filing of this Answer, admits its market cap is above $48.11 billion.

70.     The allegations in Paragraph 70 contain legal conclusions, to which no response is required. Spotify denies all remaining allegations in Paragraph 70. To the extent the allegations in Paragraph 70 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 70.

71.     The allegations in Paragraph 71 consist of legal conclusions, to which no response is required. To the extent the allegations in Paragraph 71 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 71.

72.     To the extent the allegations in Paragraph 72 purport to quote from and characterize Spotify's statements, Spotify denies that Plaintiffs have accurately and completely characterized the statements; those statements speak for themselves. Spotify denies the remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 consist of legal conclusions, to which no response is required. To the extent the allegations in Paragraph 73 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 73.

74.     The allegations in Paragraph 74 consist of legal conclusions, to which no response is required. To the extent the allegations in Paragraph 74 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 74.

75.     The allegations in Paragraph 75 consist of legal conclusions, to which no response is required. To the extent the allegations in Paragraph 75 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 75.

76.     The allegations in Paragraph 76 consist of legal conclusions, to which no response is required. To the extent the allegations in Paragraph 76 purport to quote from and characterize the U.S. Copyright Act and the Code of Federal Regulations, Spotify denies that Plaintiffs have accurately and completely characterized them and refers the Court to the U.S. Copyright Act and the Code of Federal Regulations for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 76.

77.     Spotify denies the allegations in Paragraph 77.

78.     Spotify denies the allegations in Paragraph 78 to the extent directed at Spotify. To the extent Paragraph 78 makes allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

79.     Spotify admits that HFA is a rights management, licensing, and royalty services company that serves as Spotify's third party licensing administrator for mechanical rights in the United States. Spotify otherwise denies the allegations in Paragraph 79 to the extent directed at

20

Spotify. To the extent Paragraph 79 makes allegations about entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

80.     Spotify denies the allegations in Paragraph 80 to the extent directed at Spotify. Spotify denies the remaining allegations in Paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81.     Spotify denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 81. Spotify denies the remaining allegations in Paragraph 81.

82.     Spotify denies the allegations in Paragraph 82, except admits that as of the date of the filing of this Answer Spotify's market cap is above $48.11 billion.

83.     Spotify admits that it entered into an agreement with the NMPA and agreements with certain NMPA members. Spotify denies the remaining allegations in Paragraph 83. To the extent the allegations in Paragraph 83 purport to characterize the agreements between certain NMPA members and Spotify, Spotify denies that Plaintiffs have accurately and completely characterized the documents; the documents speak for themselves.

84.     Spotify admits that it entered into an agreement with the NMPA and agreements with certain NMPA members. To the extent the allegations in Paragraph 84 purport to characterize the agreements between certain NMPA members and Spotify, Spotify denies that Plaintiffs have accurately and completely characterized the documents; the documents speak for themselves. Spotify otherwise denies the allegations in Paragraph 84, including for lack of knowledge or information sufficient to form a belief as to their truth to the extent the allegations concern third-party communications.

85. Spotify admits that it entered into a settlement agreement in a class action lawsuit captioned *Ferrick v. Spotify USA Inc.* Spotify denies the remaining allegations in Paragraph 85. To the extent the allegations in Paragraph 85 purport to characterize the referenced settlement agreement, Spotify denies that Plaintiffs have accurately and completely characterized the document; the document speaks for itself.

86. Spotify admits that it entered into a settlement agreement in a class action lawsuit captioned *Ferrick v. Spotify USA Inc.* Spotify denies the remaining allegations in Paragraph 86. To the extent the allegations in Paragraph 86 purport to characterize the referenced settlement agreement, Spotify denies that Plaintiffs have accurately and completely characterized the document; the document speaks for itself.

87. Spotify denies the allegations in Paragraph 87.

88. Spotify denies the allegations in Paragraph 88. To the extent Paragraph 88 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

89. To the extent directed at Spotify, Spotify denies the allegations in Paragraph 89. To the extent Paragraph 89 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

90. To the extent directed at Spotify, Spotify denies the allegations in Paragraph 90. To the extent Paragraph 90 contains allegations directed at entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

91. Spotify admits that it entered into a 2016 Participating Publisher Pending and Unmatched Usage Agreement with Kobalt. To the extent the allegations in Paragraph 91 purport to characterize the agreement between Kobalt and Spotify, Spotify denies that Plaintiffs have

22

accurately and completely characterized the agreement, which speaks for itself. To the extent directed at Spotify, Spotify denies the other allegations in Paragraph 91. To the extent Paragraph 91 contains allegations directed at, characterization of, or activities concerning entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

92.     To the extent directed at Spotify, Spotify denies the allegations in Paragraph 92. To the extent Paragraph 92 contains allegations directed at, characterization of, or activities concerning entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

93.     Spotify denies the allegations in Paragraph 93. To the extent the allegations in Paragraph 93 purport to characterize federal regulation 37 C.F.R. § 210.16, Spotify denies that Plaintiffs have accurately and completely characterized this regulation and refers the Court to 37 C.F.R. § 210.16 for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 93.

94.     To the extent directed at Spotify, Spotify denies the allegations in Paragraph 94. To the extent Paragraph 94 contains allegations directed at, characterization of, or activities concerning entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

95.     Spotify admits that it provides HFA with License Request Reports but denies the other allegations in Paragraph 95. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 95 contains allegations directed at, characterizations of,

or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

96.     Spotify admits that Spotify provides HFA with Usage Reports but denies the other allegations in Paragraph 96. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 96 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

97.     Paragraph 97 consists of legal conclusions to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 97 to the extent the allegations are directed at Spotify. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 97 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

98.     Paragraph 98 consists of legal conclusions to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 98 to the extent the allegations are directed at Spotify. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 98 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

99.     Paragraph 99 consists of legal conclusions to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 99 to the extent the allegations are directed at Spotify. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 99 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

100.     To the extent directed at Spotify, Spotify denies the allegations in Paragraph 100. To the extent Paragraph 100 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

101.     Paragraph 101 consists of Plaintiffs' opinions to which no response is required. To the extent Plaintiffs purport to characterize "industry custom and practice," Spotify denies that Plaintiffs have accurately and completely characterized such "industry custom and practice." To the extent Paragraph 100 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

102.     To the extent directed at Spotify, Spotify denies the allegations in Paragraph 102. To the extent Paragraph 102 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

103.     To the extent directed at Spotify, Spotify denies the allegations in Paragraph 103. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies

25

that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 103 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

104.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 104. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 104 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

105.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 105. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 105 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

106.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 106, except admits that as of the date of the filing of this Answer Spotify's market cap is above $48.11 billion. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 106 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

107. Paragraph 107 consists of legal conclusions and Plaintiffs' opinions to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 107. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 107 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

108. Paragraph 108 consists of legal conclusions and Plaintiffs' opinions to which no response is required. To the extent a response is required, Spotify denies the allegations in Paragraph 108 to the extent directed at Spotify. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 108 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

109. Spotify denies the allegations in Paragraph 109 and denies that Plaintiffs have suffered any harm, losses, or damages.

110. Spotify denies the allegations in Paragraph 110.

111. Spotify denies the allegations in Paragraph 111 to the extent directed at Spotify and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations. To the extent the allegations in Paragraph 111 contain assertions of Plaintiffs' opinion, no response is required.

112. Spotify denies the allegations in Paragraph 112.

113. Spotify denies the allegations in Paragraph 113.

27

## RESPONSES TO CAUSES OF ACTION

### COUNT 1

### Direct Copyright Infringement

114.    Spotify incorporates by reference and restates the responses to Paragraphs 1 to 113 as set forth above.

115.    To the extent the allegations in Paragraph 115 purport to characterize the U.S. Copyright Act, Spotify denies that Plaintiffs have accurately and completely characterized this statute and refers the Court to the U.S. Copyright Act for a true and complete description of the matters Plaintiffs purport to describe in Paragraph 115.

116.    Spotify denies the allegations in the first sentence of Paragraph 116 for lack of knowledge or information sufficient to form a belief as to their truth. Spotify denies the allegations in the second sentence of Paragraph 116.

117.    Spotify denies the allegations in Paragraph 117.

118.    Spotify denies the allegations in Paragraph 118.

119.    Spotify denies the allegations in Paragraph 119.

120.    Spotify denies the allegations in Paragraph 120.

121.    Spotify denies the allegations in Paragraph 121.

122.    Spotify denies the allegations in Paragraph 122.

123.    Spotify denies the allegations in Paragraph 123.

124.    Spotify denies that Plaintiffs are entitled to any of the relief Plaintiffs request in Paragraph 124, whether pursuant to 17 U.S.C. § 505 or under any other theory.

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

## (Against HFA)

125.    Spotify incorporates by reference and restates the responses to Paragraphs 1 to 124 as set forth above.

126.    Spotify denies the allegations in Paragraph 126.

127.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 127. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 127 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

128.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 128. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 128 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

129.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 129. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 129 contains allegations directed at, characterizations of, or activities involving entities other than

29

Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

### (Against HFA)

130.    Spotify incorporates by reference and restates the responses to Paragraphs 1 to 129 as set forth above.

131.    Spotify denies the allegations in Paragraph 131.

132.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 132. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 132 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

133.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 133 To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph 133 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

134.    To the extent directed at Spotify, Spotify denies the allegations in Paragraph 134. To the extent Plaintiffs purport to characterize Spotify's relationship with HFA, Spotify denies that Plaintiffs have completely and accurately described that relationship. To the extent Paragraph

30

134 contains allegations directed at, characterizations of, or activities involving entities other than Spotify, Spotify denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 134 purport to characterize the Music Modernization Act, Spotify denies that Plaintiffs have accurately and completely characterized the requirements of that statute and refers the Court to the Music Modernization Act for a true and complete description of the matter Plaintiffs purport to describe in Paragraph 134.

## ANSWER TO PRAYER FOR RELIEF

Spotify denies that Plaintiffs are entitled to the relief sought in the Prayer for Relief or under any other theory.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Spotify asserts the following affirmative defenses:

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs lack standing to assert and maintain their claims against Spotify.

### FOURTH DEFENSE

31

Plaintiffs' claims are barred by the doctrines of express and/or implied license.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Spotify's use of the musical compositions at issue is authorized via licenses granted to and/or by third parties.

## SIXTH DEFENSE

There was no willful infringement by Spotify; accordingly, Plaintiffs' claims, including but not limited to enhanced damages, have no basis in fact or law and should be denied.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, equitable estoppel, in pari delicto, unclean hands, ratification, and/or other related equitable doctrines.

## EIGHTH DEFENSE

Plaintiffs' claimed damages were not proximately caused by Spotify.

## NINTH DEFENSE

Plaintiffs' claimed damages were caused by their own acts or omissions or the acts or omissions of third parties over whom Spotify had no control and for whose actions Spotify has no responsibility.

## TENTH DEFENSE

Spotify is entitled to recover from others for any liability it incurs as a result of any of the conduct alleged in the Complaint.

## ELEVENTH DEFENSE

Plaintiffs failed to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint and are therefore barred from recovering any damages which might reasonably have been avoided.

32

## TWELFTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs do not own or hold the copyrights that were allegedly infringed by Spotify.

## THIRTEENTH DEFENSE

One or more of the copyright registrations that were allegedly infringed by Spotify are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. §§ 102 and 103.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because they have been released.

## FIFTEENTH DEFENSE

Plaintiffs have failed to name or join a necessary party or parties to the present action, including but not limited to certain persons or entities who may have had rights or interests in the musical compositions at issue.

## SIXTEENTH DEFENSE

Plaintiffs' claim is subject to 17 U.S.C. § 115(d)(10)(A)-(B), pursuant to which Plaintiffs are, at most, entitled to statutory royalties.

## SEVENTEENTH DEFENSE

Plaintiffs' claim is barred in whole or in part by the doctrine of copyright misuse, including but not limited to Plaintiffs' practice of wrongfully seeking to circumvent the longstanding public policy embodied in the Copyright Act of making musical compositions readily available for reproduction and distribution in sound recordings at royalty rates fixed by statute—and thereby to enlarge the scope of the limited monopoly granted to their musical compositions by the Copyright Act. On information and belief, Plaintiffs have directed such conduct in particular at digital music

33

services like Spotify in an effort to recover more for their musical compositions than the royalty rates to which they are entitled by statute.

## ADDITIONAL DEFENSES

Spotify asserts, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery. Spotify also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery. Spotify expressly reserves the right to amend and/or supplement this Answer.

34

Dated:  October 14, 2020

Respectfully Submitted,

By:  */s/ Aubrey B. Harwell III*

Kathleen M. Sullivan (*pro hac vice*)
Carey R. Ramos (*pro hac vice*)
Cory Struble (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 895-2500
kathleensullivan@quinnemanuel.com
careyramos@quinnemanuel.com

Thomas C. Rubin (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
600 University Street, Suite 2800
Seattle, WA 98101
Telephone: (206) 905-7000
tomrubin@quinnemanuel.com

Robert P. Vance, Jr.
Quinn, Emanuel, Urquhart & Sullivan, LLP
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3626
bobbyvance@quinnemanuel.com

Aubrey B. Harwell III (BPR #017394)
Marie T. Scott (BPR # 032771)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 238-3526
tharwell@nealharwell.com

Matthew D. Ingber (*pro hac vice*)
Rory K. Schneider (*pro hac vice*)
Allison Aviki (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
mingber@mayerbrown.com
rschneider@mayerbrown.com
aaviki@mayerbrown.com

Andrew J. Pincus (*pro hac vice*)
Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3328
apincus@mayerbrown.com
aparasharami@mayerbrown.com

Allison L. Stillman (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
alli.stillman@lw.com

*Counsel for Defendant Spotify USA Inc.*

35

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on October 14, 2020 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jay S. Bowen
Lauren E. Kilgore
Shackelford, Bowen, McKinley &
Norton, LLP
47 Music Square East
Nashville, TN 37203
(615) 329-4440
jbowen@shackelford.law
lkilgore@shackelford.law

Chris LaRocco
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-3163
chris.larocco@bclplaw.com

Mark H. Wildasin
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, South,
Suite A961
Nashville, TN 37203-3970
(615) 736-2079
mark.wildasin@usdoj.gov
*Attorney for Interested Party, United States of America*

James F. Blumstein
Of Counsel
Vanderbilt University
131 21st Avenue South
Nashville, TN 37203
(615) 343-3939
james.blumstein@vanderbilt.edu

Richard S. Busch
King & Ballow
315 Union Street
Suite 1100
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com

Brian Caplan
Robert W. Clarida
Julie Wlodinguer
Reitler Kailas & Rosenblatt LLC
885 Third Avenue
New York, New York 10022
(212) 209-3059
bcaplan@reitlerlaw.com
rclarida@reiterlaw.com
jqlodinguer@reiterlaw.com

Timothy L. Warnock
Keane A. Barger
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
twarnock@rwjplc.com
kbarger@rwjplc.com

*s/ Aubrey B. Harwell III*

36

37