UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC,<br><br>    *Plaintiffs,*<br><br>v.<br><br>SPOTIFY USA INC.; HARRY FOX AGENCY, LLC,<br><br>    *Defendant.* | Civil Case No. 19-CV-00736<br><br>Hon. Aleta A. Trauger<br><br>JURY DEMAND |
| SPOTIFY USA INC.,<br><br>    *Third-Party Plaintiff*,<br><br>v.<br><br>KOBALT MUSIC PUBLISHING AMERICA, INC.,<br><br>    *Third-Party Defendant*. | |

## NOTICE OF PLAINTIFFS' FAILURE TO COMPLY WITH THE FOURTH CASE MANAGEMENT ORDER

Spotify USA Inc. ("Spotify") respectfully submits this Notice to inform the Court of Plaintiffs' violation of a discovery deadline set forth in the Fourth Case Management Order. Specifically, Plaintiffs have refused to meet the deadline to reach agreement on their own "search terms [to identify responsive electronically stored information ("ESI")] relating to liability by February 3, 2021" (Dkt. 149 at 17)—despite Spotify's frequent requests (both before and after the deadline) for Plaintiffs' compliance. Plaintiffs' conduct has left Spotify no choice but to notify the Court of their non-compliance in light of the increasing risk that their violation poses to the

1

remainder of the discovery schedule. As Spotify has communicated to Plaintiffs, Spotify's concern over the schedule is exacerbated by Plaintiffs' failure, to date, to produce a single document.

On February 1, 2021, the Court entered an amended discovery schedule that would afford the parties additional time to complete their review and production of documents responsive to pending discovery requests. Spotify expressly conditioned its willingness to extend the discovery schedule on Plaintiffs' agreement to finalize the search terms that they would use to identify ESI relating to liability by February 3, 2021. Spotify did so in order to ensure that compliance with the new deadline for substantial completion of document production was achievable. *See* Exhibit A (January 26, 2021 E-mail from R. Schneider to Counsel of Record).

That deadline has now passed and, despite repeated follow-up, Plaintiffs have yet to propose a revised list of search terms for their ESI. They have had ample opportunity to do so because Spotify had proposed such a list to Plaintiffs on November 25, 2020. However, Spotify has still yet to receive a counter-proposal.

Following entry of the amended schedule, Plaintiffs' counsel repeatedly indicated that they were working to revise the search terms that Spotify had proposed. Having still not received a proposal a full week after the Court-ordered deadline—and nearly three months after Spotify's original proposal—we wrote to inform Plaintiffs' counsel that Plaintiffs' failure to comply with the Court's order (to which they expressly agreed) jeopardized the remainder of the discovery schedule. *See* Exhibit B (February 10, 2021 Letter from R. Schneider to R. Busch). We requested that an acceptable list of search terms be provided by February 12. *Id*. We further requested confirmation of when Plaintiffs intended to commence rolling document productions, and assurance that they would meet the substantial completion deadline of March 30, 2021. *Id.* We

sent a similar communication after not receiving any of the requested items by February 12. *See* Exhibit C (February 12, 2021 Letter from R. Schneider to R. Busch).

In response, Plaintiffs' counsel stated that they were "dealing with this issue." Exhibit D (February 12, 2021 Email from R. Busch to R. Schneider). They then said that they were still analyzing the searches that Spotify proposed in November; they proposed that either certain unidentified searches simply be removed or that Spotify engage in guesswork to revise its own proposed terms without guiding information (such as hit counts) indicating which search terms were problematic and why. We explained our concerns with those proposals and reiterated our requests for (1) notice as to whether Plaintiffs intended to commence document productions on a rolling basis and, if so, when; (2) confirmation that Plaintiffs are on track to meet their obligation to substantially complete document productions by March 30, 2021; and (3) a list of search terms that Plaintiffs consider acceptable. With regard to the last item, we offered that "if there are certain searches which you have identified as problematic, tell us which ones they are, how many results they are returning, and how you propose to resolve the issue." Exhibit E (February 12, 2021 Email from R. Schneider to A. Rice). A full week later, Plaintiffs' counsel has not even responded to that latest communication.

Nor have Plaintiffs produced a single document in this case, including non-ESI, like basic copyright chain-of-title documents, for which search terms are unnecessary and which Plaintiffs have already told Spotify they possess. Compounding the concern over this lack of production is the fact that Plaintiffs' counsel have simultaneously taken the position—in the course of representing multiple third parties linked to this action—that those third parties will not produce documents that are also in Plaintiffs' possession. To date, this has meant that Spotify has been unable to obtain such basic information as copyright ownership and assignment documentation.

3

Spotify regrets having to raise Plaintiffs' ongoing failure to comply with the Case Management Order with the Court. However, Plaintiffs' failure even to respond, much less offer Spotify any sign that they intend to comply with other deadlines in that Order, left it no choice. Spotify respectfully sees no further available option but to notify the Court of the foregoing and, to the extent the Court orders the parties to confer via a teleconference or otherwise with the Court on this issue, is available to do so.

Dated: February 19, 2021

Respectfully Submitted,

By: */s/ Aubrey B. Harwell III*

| | |
|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | Aubrey B. Harwell III (BPR #017394) |
| Carey R. Ramos (*pro hac vice*) | Marie T. Scott (BPR # 032771) |
| Cory Struble (*pro hac vice*) | NEAL & HARWELL, PLC |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 1201 Demonbreun Street, Suite 1000 |
| | Nashville, Tennessee 37203 |
| 51 Madison Avenue, 22nd Floor | Telephone: (615) 244-1713 |
| New York, New York 10010 | Facsimile: (615) 726-0573 |
| Telephone: (212) 895-2500 | tharwell@nealharwell.com |
| kathleensullivan@quinnemanuel.com | mscott@nealharwell.com |
| careyramos@quinnemanuel.com | |
| corystruble@quinnemanuel.com | Matthew D. Ingber (*pro hac vice*) |
| | Rory K. Schneider (*pro hac vice*) |
| Thomas C. Rubin (*pro hac vice*) | Allison Aviki (*pro hac vice*) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | MAYER BROWN LLP |
| | 1221 Avenue of the Americas |
| 600 University Street, Suite 2800 | New York, New York 10020 |
| Seattle, Washington 98101 | Telephone: (212) 506-2500 |
| Telephone: (206) 905-7000 | mingber@mayerbrown.com |
| tomrubin@quinnemanuel.com | rschneider@mayerbrown.com |
| | aaviki@mayerbrown.com |
| | |
| | Andrew J. Pincus (*pro hac vice*) |
| | Archis A. Parasharami |
| | MAYER BROWN LLP |
| | 1999 K Street, N.W. |
| | Washington, D.C. 20006 |
| | Telephone: (202) 263-3328 |
| | apincus@mayerbrown.com |
| | aparasharami@mayerbrown.com |

                                        Allison L. Stillman (*pro hac vice*)
                                        LATHAM & WATKINS LLP
                                        885 Third Avenue
                                        New York, New York 10022
                                        Telephone: (212) 906-1200
                                        alli.stillman@lw.com

*Attorneys for Spotify USA Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically on February 19, 2021 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Timothy L. Warnock
Keane A. Barger
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
twarnock@rwjplc.com
kbarger@rwjplc.com

Brian D. Caplan
Robert W. Clarida
Julie Wlodinguer
REITLER KAILAS & ROSENBLATT LLC
885 Third Avenue, 20th Floor
New York, New York 20022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com

Richard S. Busch
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 726-5422
Facsimile: (615) 726-5417
rbusch@kingballow.com

James F. Blumstein
Vanderbilt University
131 21st Avenue South
Nashville, TN 37203
james.blumstein@vanderbilt.edu

Jay S. Bowen
Lauren E. Kilgore
SHACKELFORD BOWEN MCKINLEY & NORTON, LLP
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 329-4440
jbowen@shackelford.law
lkilgore@shackelford.law

Chris M. LaRocco
Matias Gallego-Manzano
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York
Telephone: (212) 541-2000
chris.larocco@bclplaw.com
matias.gallego-manzano@bclplaw.com

*/s/ Aubrey B. Harwell III*