# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

EIGHT MILE STYLE, LLC; MARTIN
AFFILIATED, LLC,

       *Plaintiffs*,

v.

SPOTIFY USA INC.,

       *Defendant.*

Civil Case No. 19-CV-00736

Hon. Aleta A. Trauger

JURY DEMAND

SPOTIFY USA INC.,

       *Third-Party Plaintiff*,

v.

KOBALT MUSIC PUBLISHING
AMERICA, INC.,

       *Third-Party Defendant.*

## SPOTIFY USA INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS FROM THIRD-PARTY DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Spotify USA Inc., by and through undersigned counsel, hereby demands that Third-Party Defendant Kobalt Music Publishing America, Inc. produce the following Documents for inspection and copying within 30 days of service hereof, in accordance with the Instructions and Definitions set forth herein.

## DEFINITIONS

1.      The uniform definitions and rules of construction set forth in the Federal Rules of Civil Procedure have been incorporated by reference as if fully set forth herein.

1

language deemed to be vague or ambiguous, state your interpretation of that language, and then respond to the Request consistent with that interpretation.

15.     If it is otherwise not possible to produce any Document called for by these Requests, or if any part of these Requests is objected to, the reasons for the objection or non-production should be stated with specificity as to all grounds.

16.     Defendant reserves the right to serve supplemental Requests for the Production of Documents.

## REQUESTS FOR DOCUMENTS

1.     All Documents concerning Your ownership, control, or administration of any of the Compositions or any other musical works in which Plaintiffs claim or have any interest.

2.     All Documents and Communications concerning Your processing of and/or receipt of royalties for any of the Compositions.

3.     All accounting statements You provided to any of the Plaintiffs for payments relating to any of the Compositions.

4.     All Documents and Communications concerning Your licensing of any of the Compositions to any party, including but not limited to Spotify.

5.     All Documents and Communications reflecting payments from HFA for any of the Compositions, including payments for use of any of the Compositions by Spotify.

6.     All Documents and Communications relating to HFA's licensing of any of the Compositions.

8

36.     All Documents and Communications with HFA regarding any Co-Writer, any Co-Writer song, any of the Compositions, or any other musical works in which Plaintiffs claim or have any interest, including but not limited to Documents and Communications concerning Spotify, licensing, and the administration of royalties.

37.     All Documents and Communications with Spotify regarding any Co-Writer, any Co-Writer song, any of the Compositions, or any other musical works in which Plaintiffs claim or have any interest, including but not limited to Documents and Communications concerning Spotify, licensing, and the administration of royalties.

38.     All Documents and Communications with any Streaming Services, including but not limited to Spotify, concerning Your relationship with any of the Plaintiffs.

39.     All Documents and Communications with any Streaming Services, including but not limited to Spotify, concerning Your relationship with any of the Co-Writers.

40.     All Documents and Communications with any Streaming Services, including but not limited to Spotify, concerning Your relationship with any of the Publishers.

41.     All Documents and Communications concerning statements of account retrieved from and/or generated by HFA that refer or relate to any of the Compositions or any other musical works in which Plaintiffs claim or have any interest.

42.     All Documents and Communications concerning Your provision of information to any Third Party, including but not limited to Music Reports and performing rights organizations, about any of the Compositions.

43.     All Documents and Communications concerning Your involvement in the licensing and/or administration of any of the Compositions or any other musical works in which Plaintiffs claim or have any interest with Streaming Services other than Spotify.

13

Dated:  June 10, 2020

Respectfully Submitted,

By:  */s/ Allison Levine Stillman*

Kathleen M. Sullivan*
Carey R. Ramos*
Cory Struble*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 895-2500
kathleensullivan@quinnemanuel.com
careyramos@quinnemanuel.com

Thomas C. Rubin*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
600 University Street, Suite 2800
Seattle, WA 98101
Telephone: (206) 905-7000
tomrubin@quinnemanuel.com

Aubrey B. Harwell III (BPR #017394)
Marie T. Scott (BPR #032771)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 238-3526
tharwell@nealharwell.com
mscott@nealharwell.com

Allison Levine Stillman*
Matthew D. Ingber*
Rory K. Schneider*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
mingber@mayerbrown.com
astillman@mayerbrown.com
rschneider@mayerbrown.com

Andrew J. Pincus*
Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3328
apincus@mayerbrown.com
aparasharami@mayerbrown.com

*Counsel for Defendant/Third-Party Plaintiff Spotify USA Inc.*

*\*admitted pro hac vice*

17