# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

------------------------------------------------------------------------x
EIGHT MILE STYLE, LLC; MARTIN AFFILIATED,
LLC,

                    *Plaintiffs*,                    Civil Case No. 19-CV-00736

v.                                                      Hon. Aleta A. Trauger

SPOTIFY USA INC.; HARRY FOX AGENCY, LLC,

                    *Defendants*.
------------------------------------------------------------------------x
SPOTIFY USA INC.,

                    *Third-Party Plaintiff*,

v.

KOBALT MUSIC PUBLISHING AMERICA, INC.,

                    *Third-Party Defendant*.
------------------------------------------------------------------------x

### THIRD-PARTY DEFENDANT KOBALT MUSIC PUBLISHING AMERICA, INC.'S RESPONSES AND OBJECTIONS TO SPOTIFY USA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, third-party defendant Kobalt Music Publishing America, Inc.'s ("Kobalt") hereby responds and objects (the "Responses") to third-party defendant Spotify USA Inc.'s ("Spotify") First Set of Requests for the Production of Documents (the "Request"), as follows:

### INTRODUCTORY STATEMENT

Kobalt will respond to the Request on the basis of the best information available to it at the time of gathering responsive materials, within the limit, and subject to the objections described below. The fact that Kobalt is willing to produce any particular document or group of documents

**Response:**

Kobalt objects to Request No. 3 on the grounds that it is overbroad and unduly burdensome, that it seeks confidential financial information, that insofar as it seeks documents relating to payments or statements provided by Kobalt to Plaintiffs with respect to the Compositions from any source other than Spotify, it seeks documents that are neither relevant to the claims or defenses of any party and are disproportionate to the needs of the case, that it seeks documents without geographic limitation, and that it does not contain any relevant or reasonable time restriction. Kobalt further objects to Request No. 3 on the grounds that production of the requested accounting statements will entail significant and burdensome efforts to redact the subject statements to prevent the improper disclosure of information pertaining to (i) sources of income other than Spotify, and (ii) territories other than the United States and Canada. Subject to and without waiving all objections, and subject to the entry of a confidentiality stipulation and order in this action, Kobalt will produce relevant, non-privileged accounting statements provided by Kobalt to the Plaintiffs in connection with the Compositions in the United States and Canada, within its possession, custody or control, for a reasonable time period to be mutually determined by the parties.

**Request No. 4:**

All Documents and Communications concerning Your licensing of any of the Compositions to any party, including but not limited to Spotify.

**Response:**

Kobalt objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome, that it assumes facts not in evidence, i.e., that Kobalt licensed any of the Compositions to Spotify, that it seeks confidential information, that insofar as it seeks documents relating to the licensing of the Compositions with respect to any licensee other than Spotify, it seeks documents that are

7

neither relevant to the claims or defenses of any party and are disproportionate to the needs of the case, that it seeks documents without geographic limitation, and that it does not contain any relevant or reasonable time restriction. Subject to and without waiving all objections, Kobalt states that (i) it did not have authority to, and did not, license any of the Compositions to Spotify, and (ii) to the extent a license was granted by Kobalt to any third party with respect to the Compositions for the use of the Compositions solely for any territories excluding the United States or Canada, such license is irrelevant to the claims or defenses of any party herein, and Kobalt will not produce copies of same. Subject to and without waiving all objections, Kobalt further states that, to the extent Kobalt entered into licenses with any third party with respect to the Compositions for use of the Compositions in any territory that included the United States and Canada at any time between February 2011 through the present, such licenses were done with the knowledge and consent of, or at the direction of, Plaintiffs and/or Bridgeport, and subject to the entry of a confidentiality stipulation and order in this action, Kobalt will produce relevant, non-privileged documents and communications concerning Kobalt's licensing of the Compositions for territories including the United States within its possession, custody or control, if any, for a reasonable time period to be mutually determined by the parties.

**Request No. 5:**

All Documents and Communications reflecting payments from HFA for any of the Compositions, including payments for use of any of the Compositions by Spotify.

**Response:**

Kobalt objects to Request No. 5 on the grounds that it is overbroad and unduly burdensome, that it seeks confidential financial information, that insofar as it seeks documents reflecting payments Kobalt received from HFA with respect to the Compositions from any source other than

8

or control of, or which can be obtained from, some other source that is more convenient to Spotify, less burdensome to Kobalt and less expensive for both parties. Subject to and without waiving all objections, and subject to the entry of a confidentiality stipulation and order in this action, Kobalt will produce relevant, non-privileged documents and communications concerning statements of account received by Kobalt from HFA in connection with the Compositions in the United States and Canada, within its possession, custody or control, for a reasonable time period to be mutually determined by the parties.

**Request No. 42:**

All Documents and Communications concerning Your provision of information to any Third Party, including but not limited to Music Reports and performing rights organizations, about any of the Compositions.

**Response:**

Kobalt objects to Request No. 42 on the grounds that it is overbroad and unduly burdensome, that it seeks documents that are not relevant to the claims and defenses of any party and are disproportionate to the needs of this case, is oppressive and/or designed to harass Kobalt, that it seeks documents without geographic limitation, that it does not contain any relevant or reasonable time restriction, and that insofar as it requests documents concerning the provision of information to any third party that is not Spotify or its agents concerning the Compositions, it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party and are disproportionate to the needs of the case. Kobalt will not produce documents responsive to this Request.

**Request No. 43:**

All Documents and Communications concerning Your involvement in the licensing and/or

35

Case 3:19-cv-00736 Document 175-2 Filed 06/04/21 Page 5 of 7 PageID #: 1553

administration of any of the Compositions or any other musical works in which Plaintiffs claim or have any interest with Streaming Services other than Spotify.

**Response:**

Kobalt objects to Request No. 43 on the grounds that it is overbroad and unduly burdensome, that it is vague and ambiguous, that it seeks documents that are neither relevant to the claims or defenses of any party and are disproportionate to the needs of the case, that it seeks documents without geographic limitation, that it does not contain any relevant or reasonable time restriction, that insofar as it requests documents concerning "other musical works in which Plaintiffs claim or have any interest" other than the Compositions or licensing of the Compositions with streaming services other than Spotify, it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party and are disproportionate to the needs of the case, and that it is duplicative of Request No. 1 herein. Subject to and without waiving all objections, Kobalt will not produce documents responsive to this Request.

**Request No. 44:**

All Documents and Communications concerning Your participation in, and representations made in connection with, agreements between the NMPA and Spotify, including any and all such agreements entered concerning the distribution of royalties attributable to U.S. pending and unmatched mechanical usage of musical compositions.

**Response:**

Kobalt objects to Request No. 44 on the grounds that it is overbroad and unduly burdensome, that it is vague and ambiguous, that it seeks documents and communications which may be protected by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity, that it seeks documents that are neither relevant to the claims or defenses

36

applicable privilege or doctrine, and to prepare a privilege log for such documents would be unduly burdensome. Kobalt responds to the Request with the understanding that such requests for documents concerning this action are limited to documents and communications on or before May 29, 2020, the date the Third-Party Complaint was filed.

Subject to and without waiving all objections, Kobalt will produce relevant, non-privileged documents and communications concerning this Action prior to May 29, 2020 within its possession, custody or control, if any, for a reasonable time period to be mutually determined by the parties.

Dated: August 10, 2020

RILEY WARNOCK & JACOBSON, PLC
Timothy L. Warnock (BPR #12844)
Keane A. Barger (BPR #33196)
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
twarnock@rwjplc.com
kbarger@rwjplc.com

- and -

REITLER KAILAS & ROSENBLATT LLC

By: /s/ Brian D. Caplan
Brian D. Caplan*
Robert W. Clarida*
Julie B. Wlodinguer*
885 Third Avenue
New York, New York 10022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com

**pro hac vice* application to be submitted

*Attorneys for Third-Party Defendant Kobalt Music Publishing America, Inc.*