# Exhibit D

# Szablewski, Christopher

| | |
|---|---|
| **From:** | Aviki, Allison |
| **Sent:** | Monday, January 4, 2021 5:59 PM |
| **To:** | Wlodinguer, Julie; Caplan Brian D. |
| **Cc:** | Alli.Stillman@lw.com |
| **Subject:** | RE: Eight Mile Style, LLC v. Spotify USA Inc. v. Kobalt Music Publishing America, Inc.; M.D. Tenn. Case No. 3:19-cv-00736 |

Brian, Julie:

Hope everyone enjoyed healthy and happy holidays. We write to follow up on discovery in *Eight Mile*. Now that you have Spotify's responses and objections to Kobalt's document requests, we propose discussing our clients' respective positions at a mutually convenient time. Would this Friday at 9 am ET work for you?

In advance of our next conversation, here are our ongoing concerns with Kobalt's supplemented responses to Spotify's first set of requests for production, which we have considered against a number of factors, including the document productions that Kobalt made in December:

> Request Nos. 4, 19, and 43: First and importantly, we cannot accept any position that excludes from production Kobalt's license agreements with third parties encompassing the Asserted Compositions--including what you refer to as "blanket licenses." As you know, it is Spotify's position that its 2016 mechanical license with Kobalt granted Spotify a license to the Asserted Compositions. Kobalt's mechanical license agreements with other streaming services, the dates of those agreements, and what they encompass, are of central relevance to Spotify's claims and defenses in this litigation. Moreover, these executed agreements necessarily must be a discrete and easily located set of documents, so we fail to understand the burden here. Similarly, Kobalt's representations about the scope of its authority to license the Asserted Compositions are likewise of central relevance to Spotify's claims and defenses in this litigation.
>
> Request Nos. 2, 5, 6. and 41: We have not received an HFA statement to Kobalt reflecting income associated with the Asserted Compositions (nor do we understand your team to have reviewed one yet); accordingly, we renew our suggestion that you share a sample unredacted statement with the expectation that some reasonable accommodation can be reached. With regard to other documents relating to HFA's licensing of the Asserted Compositions to entities other than Spotify (see supplemented response No. 6), we do not understand Kobalt to be withholding anything but please let us know if that is incorrect. As to non-HFA royalties, we reserve all rights, particularly in light of the bifurcated proceedings--that said, we are open to discussing Kobalt producing only a sub-set of documents in the first instance and propose starting with the non-HFA royalties on the Asserted Compositions received from other streaming services.
>
> Request Nos. 21, 25, and 29: We are willing to accept these limitations provided we can reach agreement on Request Nos. 4, 19, and 43--and provided it is clear that the withheld ex-U.S. documents deal exclusively with commercial exploitation of the Asserted Compositions outside the U.S., i.e., documents *encompassing* U.S. exploitation are not withheld.
>
> Request Nos. 38-40, and 42: We have not yet heard whether any responsive documents exist and are still awaiting Kobalt's supplemented positions as to these Requests (insofar as such documents do exist, No. 43 is addressed above).

Best regards,

Allison

**From:** Wlodinguer, Julie <jwlodinguer@reitlerlaw.com>
**Sent:** Monday, December 21, 2020 5:22 PM
**To:** Lauren Kilgore <LKilgore@shackelford.law>
**Cc:** Richard Busch <rbusch@kingballow.com>; tharwell@nealharwell.com; mscott@nealharwell.com; Ingber, Matthew D. <MIngber@mayerbrown.com>; Schneider, Rory K. <RSchneider@mayerbrown.com>; Aviki, Allison <AAviki@mayerbrown.com>; Pincus, Andrew J. <APincus@mayerbrown.com>; Parasharami, Archis A. <AParasharami@mayerbrown.com>; kathleensullivan@quinnemanuel.com; Cory Struble <corystruble@quinnemanuel.com>; careyramos@quinnemanuel.com; tomrubin@quinnemanuel.com; Alli.Stillman@lw.com; jbowen@shackelford.law; LaRocco, Chris <chris.larocco@bclplaw.com>; Caplan Brian D. <Bcaplan@reitlerlaw.com>; Clarida, Robert W. <rclarida@reitlerlaw.com>; Tim Warnock <TWarnock@rwjplc.com>; Keane A. Barger <KBarger@rwjplc.com>
**Subject:** Eight Mile Style, LLC v. Spotify USA Inc. v. Kobalt Music Publishing America, Inc.; M.D. Tenn. Case No. 3:19-cv-00736

**\*\*EXTERNAL SENDER\*\***

Dear Lauren,

Attached please find Kobalt's Responses and Objections to HFA's First Set of Requests for the Production of Documents in the above-referenced action.

Regards,
Julie

**Julie B. Wlodinguer**
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, NY 10022
Telephone: 212-209-3050
Fax: 212-371-5500
E-mail: jwlodinguer@reitlerlaw.com

REITLER

This e-mail (including any attachments) is intended only for the exclusive use of the individual[s] to whom it is addressed. The information contained herein or attached hereto may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone (212-209-3050) or e-mail and delete all copies of this e-mail and any attachments. Thank you.