# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> SPOTIFY USA INC.; HARRY FOX AGENCY, LLC, <br><br> *Defendants.* | Civil Case No. 19-CV-00736 <br><br> Hon. Aleta A. Trauger <br><br> JURY DEMAND |
| SPOTIFY USA INC., <br><br> *Third-Party Plaintiff,* <br><br> v. <br><br> KOBALT MUSIC PUBLISHING AMERICA, INC., <br><br> *Third-Party Defendant.* | |

## MOTION OF DIGITAL MEDIA ASSOCIATION FOR LEAVE TO FILE *AMICUS CURIAE* MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOTIFY USA INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### Introduction

Digital Media Association ("DiMA" or "Movant") hereby respectfully moves for leave to file a Memorandum of Law as *Amicus Curiae* (the "Memorandum") in support of Defendant Spotify USA Inc.'s ("Spotify") Opposition to Plaintiffs' Motion for Summary Judgment (ECF No. 426), a copy of which is attached hereto as Exhibit 1. As detailed in the Memorandum, the parties' pleadings and summary judgment briefing in this case raise a core question about the breadth of

coverage of the blanket license under Section 115(d) of the Copyright Act: specifically, whether a DMP that failed properly to secure an individual compulsory mechanical license for a musical work though the Notice of Inquiry ("NOI") process that governed prior to the license availability date (January 1, 2021) is now "foreclosed" from offering tracks embodying that work to users under the blanket license, or whether the blanket license provides comprehensive coverage.

For reasons set forth below, this is an issue of vital importance to DiMA and its digital music provider ("DMP") members that rely on the blanket license to operate their services—and thus to the broader community of songwriters, recording artists, music publishers and record companies who rely on the DMPs as the primary outlet for distributing their music. In addition, DiMA has a wealth of directly relevant experience to offer the Court as it considers this issue. Because the Court has inherent discretion to allow *amicus* participation in a case, DiMA respectfully requests that it exercise that discretion to grant the instant Motion and accept DiMA's *Amicus Curiae* Memorandum.[1]

## Argument

Courts within the Sixth Circuit have repeatedly recognized that a federal district court has inherent authority to consider an amicus brief. *See, e.g.*, *United States v. Mich.*, 116 F.R.D. 655, 660 (W.D. Mich. 1987) (observing that "[a] district court has the inherent authority to appoint *amici curiae* to assist it in a proceeding"); *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 2017 WL 11454764, at *1 (W.D. Mich. Oct. 30, 2017) (noting that "[t]he Federal Rules of Civil Procedure do not address motions for leave to appear as amicus curiae in a federal district court, . . . and the decision to allow an appearance as *amicus curiae* falls under the district court's inherent authority"). And this District regularly allows amicus briefs. *See, e.g.*, *Newcomb v. Allergy and*

---

[1] As described in the Local Rule 7.01 Certification below, all parties to the case have consented to the filing except for Plaintiffs, who informed DiMA they intend to object to DiMA's filing.

*ENT Assocs. of Middle Tenn., P.C.*, 2013 WL 3976627, at *1 (M.D. Tenn. Aug. 2, 2013); *St. Thomas Hosp. v. Sebelius*, 705 F. Supp. 2d 905, 920 (M.D. Tenn. 2010) (considering amicus brief even without expressly addressing motion for leave to file it); *Caremark, Inc. v. Goetz*, 395 F. Supp. 2d 683, 684 (M.D. Tenn. 2005).

Under guiding precedent in the district, an amicus may participate in a district court action if it (1) has a strong interest (but one that is insufficient for intervention) that could be affected by a decision in the instant case, **or** (2) has unique information or perspective that can help the court beyond the help the lawyers for the parties can provide. *See Newcomb*, 2013 WL 3976627, at *1 (citations omitted) (granting motion for leave to file amicus brief filed by employment lawyer association). Courts may also consider the usefulness of the amicus brief, its timeliness, views of the parties, partisanship, and adequacy of representation. *See Kollaritsch*, 2017 WL 11454764, at *1 (citing *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (1996); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1981)). DiMA easily satisfies both of these prerequisites.

First, DiMA has a strong interest in this case. As we explain in the Memorandum, DiMA is a trade association that represents the world's leading audio streaming services, including Amazon, Apple Music, Feed.fm, Pandora, Spotify, and YouTube—services that collectively connect millions of listeners worldwide with virtually the entire body of recorded music. *See* Memorandum at 1–2. Over the last decade, DiMA members have played a crucial role in the revitalization of the music industry, with streaming revenue in the United States reaching a record high of $13.3 billion in 2022 and accounting for approximately 84% of total revenue in the U.S. recording industry. *See id.* note 2–4. That growth has been fostered in significant part by the 2018 passage of the Music Modernization Act ("MMA"), which revamped Section 115 of the Copyright

Act to provide for a "blanket license" that DiMA members now rely on to operate their services. 17 U.S.C. § 115(d). For reasons we explain, the novel interpretation of the Section 115 blanket license that Plaintiffs propose here would fundamentally weaken the coverage and protections of that blanket license and thus have an enormous impact on the DMPs who rely on it. As the trade association representing the country's leading DMPs, DiMA's substantial interest in this action and the court's consideration of this issue in particular is manifest.

Second, DiMA has unique perspective and information to assist the Court in considering this particular issue. DiMA, together with leading music publisher and songwriter organizations, was one of key stakeholders who worked with members of Congress to negotiate and draft the MMA, including the blanket license in particular. Thus, DiMA is uniquely positioned to assist the Court in understanding and analyzing the design and goals of the MMA, the appropriate scope and role of the blanket license within the broader statutory framework, and the degree to which the interpretation espoused by Plaintiffs is an outlier to the industry consensus on how the MMA is intended to, and does, operate. Moreover, DiMA has deep experience and expertise in the audio streaming services industry as a whole and thus can assist the Court in understanding: how the industry functioned before passage of the MMA; how it currently functions; how the MMA and the blanket license in particular played a crucial role in addressing problems that plagued the industry prior to passage of the MMA; and how those same problems would be reintroduced were the plaintiff's interpretation of the blanket license to be adopted in this matter.

In addition to the foregoing, DiMA also notes that all parties other than Plaintiffs have consented to the Motion, and the Motion is timely: the issue that DiMA seeks leave to address is being briefed in the parties' summary judgment motions and is thus currently under consideration by the Court, and Plaintiffs, notwithstanding their objection, will have ample time and opportunity

to address DiMA's Memorandum in their reply brief, which is not due until February 23, 2024. *See* ECF No. 454, 455. Finally, although there is no local rule governing the format for amicus briefs, the Memorandum complies with the length and formatting specifications of F.R.A.P. 29.

For these reasons, DiMA respectfully requests that the Court grant the instant Motion and accept the attached Memorandum of *Amicus Curiae* Digital Media Association.

Dated: January 19, 2024

Respectfully submitted,

/s/ *Robert A. Peal*
Robert A. Peal
SIMS | FUNK, PLC
3322 West End Avenue, Suite 200
Nashville, TN 37203
Telephone: (629) 215-8917
Facsimile: (615) 649-8565
Email: rpeal@simsfunk.com

-and-

Todd Larson
Patrick Lyons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Todd.Larson@weil.com
Patrick.Lyons@weil.com

*Counsel for Amicus Curiae*
*Digital Media Association*

## **LOCAL RULE 7.01 CERTIFICATION**

In compliance with Local Rule 7.01(a)(1), counsel for Digital Media Association has conferred with counsel for all Parties in this action. All Parties, including the United States, consent to the relief requested, except for Plaintiffs, who have indicated that they plan to object.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on January 19, 2024, with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. Parties may access this filing through the Court's electronic filing system.

Karl M. Braun
Hall Booth Smith, P.C.
(Nashville Office)
424 Church Street Suite 2950
Nashville, TN 37219
(615) 313-9913
kbraun@hallboothsmith.com

Chetan A. Patil
U.S. Department of Justice
P.O. Box 883
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-4968
chetan.patil@usdoj.gov

Michael C. Tackeff
U.S. Attorney's Office
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-2093
michael.tackeff@usdoj.gov

Richard S. Busch
Andrew Hunt Davis
David M. Niemierzycki
KING & BALLOW
26 Century Boulevard, Suite NT700
Nashville, Tennessee 37214
Telephone: (615) 259-3456
rbusch@kingballow.com
ddavis@kingballow.com
dniemierzycki@kingballow.com

James F. Blumstein Of Counsel
Vanderbilt University
131 21st Avenue South
Nashville, TN 37203
Telephone: (615) 343-3939
james.blumstein@vanderbilt.edu

Brian D. Caplan
Robert W. Clarida
Julie Wlodinguer
REITLER KAILAS & ROSENBLATT, LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com

Chris M. LaRocco
Matias Gallego-Manzano
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
chris.larocco@bclplaw.com
matias.gallego-manzano@bclplaw.com

Jay S. Bowen
Lauren E. Kilgore
Jacob T. Clabo
SHACKELFORD BOWEN MCKINLEY &
NORTON, LLP
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 329-4440
jbowen@shackelford.law
lkilgore@shackelford.law
jclabo@shackelford.law

/s/ *Robert A. Peal*