# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>SPOTIFY USA INC.; HARRY FOX AGENCY, LLC,<br><br>  Defendants. | Civil Action No. 19-cv-00736<br><br>**District Judge Aleta A. Trauger**<br><br>**MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR LEAVE TO FILE *AMICUS CURIAE* MEMORANDUM** |
| SPOTIFY USA INC.,<br><br>  Third-Party Plaintiff,<br><br>vs.<br><br>KOBALT MUSIC PUBLISHING AMERICA, INC.,<br><br>  Third-Party Defendant. | **JURY DEMAND** |

1

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC (collectively, "Eight Mile Style") respectfully move this Honorable Court to reconsider its granting of the Motion for Leave to File *Amicus Curiae* Memorandum of Law in Support of Defendant Spotify USA Inc.'s Opposition to Plaintiffs' Motion for Summary Judgement filed by third-party Digital Media Association ("DIMA") (Doc. No. 469, Granted at Doc. No. 470). In support of this motion, Eight Mile Style states as follows:

1. DIMA filed its motion for leave to file its brief on Friday evening January 19, 2024. In its Local Rule 7.01 Certification, it used the confusingly phrased statement (with emphasis added):

> In Compliance with Local Rule 7.01(a)(1), counsel for Digital Media Association has conferred with counsel for all Parties in this action. **All Parties, including the United States, consent to the relief requested**, except for Plaintiffs, who have indicated that they plan to object.

2. Although DIMA's Rule 7.01(a)(1) statement did accurately reflect Plaintiffs' objection, it began the phrase as "All Parties, including the United States consent to the relief requested…"

3. On Sunday evening, January 21, counsel for Eight Mile Style emailed Your Honor's Chambers to advise that Eight Mile Style planned to file its objections to DIMA's motion for leave no later than Wednesday January 24. *See* Ex. 6. Eight Mile Stile, of course, does not know whether the Court was aware of Counsel's email when the Court granted DIMA's Motion just one-half business day later on Monday January 22, 2024.

4. As explained in greater detail in the memorandum of law filed simultaneously herewith, Spotify is one of only six (6) members of DIMA, and through much of 2023, a senior executive of Spotify sat on the DIMA Board of Directors. DIMA is essentially one and the same

as Spotify and acts as its shill, agent, and self-described representative.[1] The proposed *amicus* brief is therefore but a thinly veiled disguise by Spotify to disingenuously offer a supposedly neutral opinion in the form of an *amicus* when it is anything but that, and the consideration of this supposed *amicus* brief would greatly prejudice Eight Mile Style for several reasons, including that it purports to offer expert opinion without being disclosed in discovery (and without Eight Mile Style having the opportunity to test those opinions through deposition) as well as the timing of this filing. In fact, as discussed in the attached opposition, each of the elements which district courts review in determining whether to accept an *amicus* brief is firmly in favor of rejecting it.

5. As federal courts around the country have uniformly held that *amicus* briefs in the district court are disfavored, and anyone objecting should be heard before any Amicus is accepted, Eight Mile Style respectfully asks the Court to reconsider its granting of such leave and consider Eight Mile Style's objections. *Boudreaux v. Sch. Bd. of St. Mary Par.*, No. 6:65-CV-11351, 2023 U.S. Dist. LEXIS 129325, at *9 (W.D. La. July 24, 2023) ("District courts must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact issues. An amicus who argues facts should rarely be welcomed.") (internal quotations and footnotes omitted); *WildEarth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 U.S. Dist. LEXIS 189661, at *7 (D.N.M. June 20, 2012) ("[C]ourts also have observed that 'at the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate….'") (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir.), *cert. denied*, 476 U.S. 1141 (1986));[2] *Sierra Club v. FEMA*, No. H-07-0608, 2007

---

[1] Ex. 2, DiMA Statement on The MLC Budget Agreement - Digital Media Association
[2] *Accord Pickup v. Dist. Court of Nowata Cty.*, No. CIV 20-0346 JB/JFJ, 2023 U.S. Dist. LEXIS 16470, at *177 (N.D. Okla. Jan. 31, 2023); *Finkle v. Howard Cty.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014).

3

U.S. Dist. LEXIS 84230, at *4 (S.D. Tex. Nov. 14, 2007) ("An *amicus* may be useful at the appellate level but not in the district court."); *Boudreaux*, 2023 U.S. Dist. LEXIS 129325, at *8-9 ("The First Circuit has cautioned that 'a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an *amicus* brief….'") (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)); *Landreth v. United States*, 141 Fed. Cl. 741, 743 (Fed. Cl. 2019) ("In ruling on a motion for leave to file an *amicus* brief, the court considers the following factors: objections from the opposing party…."); *Behrens v. United States*, 135 Fed. Cl. 66, 70 (Fed. Cl. 2017) ("While parties to an action cannot bar the filing of an *amicus* brief by their unanimous opposition, such opposition should be given great weight by a court.") (quoting *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (Fed. Cl. 1996)); *Id*. ("The court has considered and given substantial weight to defendant's objections."); *Save the Manatee Club v. United States EPA*, No. 6:22-cv-868-CEM-LHP, 2022 U.S. Dist. LEXIS 242517, at *3 (M.D. Fla. Nov. 22, 2022) (considering Defendant's objections and denying motion for leave to file brief *amicus curiae*); *United States v. Suarez*, No. 5:13 CR 420, 2014 U.S. Dist. LEXIS 63687, at *14 (N.D. Ohio May 8, 2014) ("It is generally unfair to preclude a party from later arguing an otherwise legitimate objection when that party has not had any opportunity to initially voice the objection.") (quoting *United States. v. Pineda-Mendoza*, 2012 U.S. Dist. LEXIS 131700, 2012 WL 4056829 (E.D. Cal. Sept. 14, 2012));[3] *Woods v. Wolosko*, No. 3:09-0839, 2011 U.S. Dist. LEXIS 15740, at *6 (M.D. Tenn. Feb. 16, 2011) ("In its broadest sense, the concept of agency 'includes every relation in which one person acts for or *represents* another.'") (quoting *White v. Revco Discount Drug Ctrs.,*

---

[3] *Cf. EEOC v. Monarch Mach. Tool Co.*, No. 77-3526-7, 1980 U.S. App. LEXIS 21767, at *6 (6th Cir. Nov. 14, 1980) ("A trial judge, sitting without jury, is entitled to great latitude concerning the admission or exclusion of evidence, but it is error to accept evidence *ex parte* because it is inherently unfair to allow one party to put evidence before the court without allowing his opponent the opportunity to test its validity.").

4

*Inc.*, 33 S.W.3d 713, 723 (Tenn. 2000) (emphasis added)); *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J.) ("The term '*amicus curiae*' means friend of the court, not friend of a party.") (citing *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991)). Indeed, this very Court has observed that "the vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs and should not be allowed…." *Newcomb v. Allergy & ENT Assocs., of Middle Tenn., P.C.,* No. 3:10-cv-1230, 2013 US Dist. LEXIS 108691 at *2 (M.D. Tenn. August 2, 2013).

WHEREFORE, as a result of the foregoing, Eight Mile Style hereby requests that the Court reconsider its Order Granting DIMA's Motion for Leave to File *Amicus Curiae* Memorandum of Law in Support of Defendant Spotify USA Inc.'s Opposition to Plaintiffs' Motion for Summary Judgement (Doc. No. 470), in light of the reasons described above and in the attached Opposition Memorandum.

Pursuant to Local Rule 7.01, Eight Mile Style has conferred with all counsel. Kobalt, HFA, and the United States do not object to this motion and take no position. However, DIMA and Spotify oppose the motion.

Respectfully submitted on this 23rd day of January 2024 by:

By: */s/ Richard S. Busch*
Richard S. Busch (TN Bar # 014594)
Andrew H. "Drew" Davis (TN Bar # 034203)
David M. Niemierzycki (TN Bar # 039921)
KING & BALLOW
26 Century Boulevard, Ste. NT700
Nashville, TN 37214
Telephone: (615) 726-5422
Facsimile: (615) 726-5417
rbusch@kingballow.com
ddavis@kingballow.com
dniemierzycki@kingballow.com
*Attorneys for Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the PLAINTIFFS' **MOTION TO RECONSIDER,** and the supporting documents were filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system, and via electronic and/or U.S. mail, postage prepaid on January 23, 2024, as below.

| | |
|---|---|
| **Carey R. Ramos**<br>**Cory Struble**<br>**Kathleen M. Sullivan**<br>**Rachel E. Epstein**<br>**Mario O. Gazzola**<br>Quinn, Emanuel, Urquhart & Sullivan<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>*careyramos@quinnemanuel.com*<br>*corystruble@quinnemanuel.com*<br>*kathleensullivan@quinnemanuel.com*<br>*rachelepstein@quinnemanuel.com*<br>*mariogazzola@quinnemanuel.com*<br>***Attorneys for Spotify USA Inc.*** | **Archis A. Parasharami**<br>**Andrew J. Pincus**<br>Mayer Brown, LLP (DC Office)<br>1999 K Street, NW<br>Washington, DC 20006<br>*aparasharami@mayerbrown.com*<br>*apincus@mayerbrown.com*<br>***Attorneys for Spotify USA Inc.*** |
| **Thomas C. Rubin**<br>Quinn, Emanuel, Urquhart & Sullivan<br>600 University Street, Ste. 2800<br>Seattle, WA 98101<br>*tomrubin@quinnemanuel.com*<br>***Attorneys for Spotify USA Inc.*** | **Allison L. Stillman**<br>Latham & Watkins LLP (NY Office)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>*alli.stillman@lw.com*<br>***Attorneys for Spotify USA Inc.*** |
| **Allison Aviki**<br>**Matthew Ingber**<br>**Rory K. Schneider**<br>**Alina Artunian**<br>Mayer, Brown, LLP<br>1221 Avenue of Americas<br>New York, NY 10020<br>*aaviki@mayerborwn.com*<br>*mingber@mayerbrown.com*<br>*rschneider@mayerbrown.com*<br>*aartunian@mayerbrown.com*<br>***Attorneys for Spotify USA Inc.***<br>**Chris M. LaRocco**<br>**Matias Gallego-Manzano** | **Brian D. Caplan**<br>**Robert W. Clarida**<br>**Julie B. Wlodinguer**<br>Reitler, Kailas & Rosenblatt, LLC<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>*bcaplan@reitlerlaw.com*<br>*rclarida@reitlerlaw.com*<br>*jwlodinguer@reitlerlaw.com*<br>***Attorneys for Kobalt Music Publishing America, Inc.***<br>**Jacob T. Clabo**<br>**Jay Scott Bowen** |

6

Bryan, Cave, Leighton, Paisner, LLP
1290 Avenue of the Americas
New York, NY 10104
*chris.larocco@bclplaw.com*
*matias.gallego-manzano@bclplaw.com*
***Attorneys for Harry Fox Agency, LLC***

**Marie T. Scott**
Fisher & Phillips
424 Church Street, Suite 1700
Nashville, TN 37219
*mtscott@fisherphillips.com*
***Attorneys for Spotify USA Inc.***

**James F. Blumstein**
Vanderbilt University
131 21st Avenue South
Nashville, TN 37203
*james.blumstein@vanderbilt.edu*

**Michael C. Tackeff**
U.S. Attorney's Office (Nashville)
719 Church Street, Suite 3300
Nashville, TN 37203
*michael.tackeff@usdoj.gov*
***Attorneys for Interested Party***
***United States of America***

**Lauren E. Kilgore**
Shackelford, Bowen, McKinley,
Norton, LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
*jclabo@shackelford.law*
*jbowen@shackelford.law*
*lkilgore@shackelford.law*
***Attorneys for Harry Fox Agency, LLC***

**Aubrey B. Harwell, III**
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
*tharwell@nealharwell.com*
***Attorneys for Spotify USA Inc.***

**Karl M. Braun**
Hall, Booth, Smith, P.C.
(Nashville Office)
424 Church Street, Suite 2950
Nashville, TN 37219
*kbraun@hallboothsmith.com*
***Attorneys for Kobalt Music***
 ***Publishing America, Inc.***

Dated: January 23, 2024

        */s/Richard S. Busch*
        Richard S. Busch
        Attorney for Plaintiffs