Motion DENIED.
[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SPOTIFY USA INC.; HARRY FOX AGENCY, LLC,**<br><br>Defendants. | Civil Action No. 19-cv-00736<br><br>District Judge Aleta A. Trauger |
| **SPOTIFY USA INC.,**<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>**KOBALT MUSIC PUBLISHING AMERICA, INC.,**<br><br>Third-Party Defendant. | JURY DEMAND |

**EIGHT MILE STYLE, LLC'S AND MARTIN AFFILLIATED, LLC'S MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND FOR LEAVE TO EXPAND THE PAGE LIMIT**

Pursuant to Section (C)(3) of Your Honor's Practice and Procedures Manual and Local Rule 7.01(a)(4), Plaintiffs, Eight Mile Style, LLC and Martin Affiliated, LLC (collectively, "Eight Mile Style") respectfully moves the Court for leave to file a consolidated Reply in further support of their Motion for Reconsideration responding to the points and authorities raised by Digital Media Association ("DIMA") and Spotify USA, Inc. ("Spotify") in opposition to said Motion. In support of this Motion, Eight Mile Style states the following:

1. The proposed Reply – a copy of which is submitted herewith – will assist the Court in resolving Eight Mile Style's Motion for Reconsideration, and the underlying Motion for Leave to file an *Amicus Curiae* Brief filed by DIMA. Specifically, the proposed Reply: (1) addresses and responds to DIMA and Spotify's misplaced arguments and inapposite authority with respect to their claim that Eight Mile Style basically does not have the right to be heard so this Court should not reconsider its granting of DIMA's Motion For Leave to file an Amicus Brief; (2) addresses and responds to the substantive authority cited by DIMA and Spotify, which is not only distinguishable from this matter, but is misquoted in certain instances, and is inconsistent with Sixth Circuit authority governing this Court's consideration of this issue; (3) addresses the substantive facts contained in DIMA and Spotify's respective Responses, such as DIMA's undeniable relationship with Spotify, and provides additional case law supporting the denial of DIMA's motion; and (4) addresses the fact that DIMA's proposed *Amicus* is an expert report in disguise. DIMA should have been disclosed as an expert if it or Spotify wished to have DIMA submit custom and practice testimony and proffer the other facts and arguments it now makes, but DIMA was not so disclosed. Eight Mile Style would have then had the opportunity to retain its own expert to address the very points now raised by DIMA or otherwise challenge those opinions.