# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC,**<br><br>   Plaintiffs,<br><br>vs.<br><br>**SPOTIFY USA INC.; HARRY FOX AGENCY, LLC,**<br><br>   Defendants. | Civil Action No. 19-cv-00736<br><br>District Judge Aleta A. Trauger<br><br>**RESPONSE TO ORAL ARGUMENT** |
| **SPOTIFY USA INC.,**<br><br>   Third-Party Plaintiff,<br><br>vs.<br><br>**KOBALT MUSIC PUBLISHING AMERICA, INC.,**<br><br>   Third-Party Defendant. | **JURY DEMAND** |

***Spotify's Slides:*** **Slide 47** lists what Spotify identifies as three elements of a Monthly Statement of Account, which Spotify would have the Court accept as Cumulative Statements of Account: (i) "rate calculation sheets," (ii)" signed certifications," and (iii) "detailed information concerning royalties paid" ("such as a CSV file"). **Slide 48** depicts (i) the "rate calculation sheets." Smith Decl. ¶ 24, Ex. D. **Slide 49** depicts (ii) the purported "signed certifications." *Id.* But no slide depicts element (iii), the detailed royalty data of the purported Monthly Statements of Account. This is simply because element (iii), the individual monthly CSV files containing that data, are **not in the record.** What is in the record **in place of** the requisite CSV files are two Excel spreadsheets purportedly summarized in **Slide 55**:



As the Court can see in the slide's footnote, this data is from "Smith Decl. Exs. J & K." These were not the CSV files that were part of Monthly Statements of Account. (*See* **Slide 48**, Smith Decl. ¶ 24, Exh. D, containing the "rate calculation sheets," not the individual monthly CSV files with royalty data). **Slide 55** excerpts two Excel spreadsheets (Exh. J & K) **created after this litigation commenced**, produced in discovery and untimely in addition to its other deficiencies.

A careful review of Exhibits J & K — the Excel spreadsheets identified as HFA-00026443 and HFA-00026444 — as compared with Slide 55, would reveal that Slide 55 bear titles that are **not present** in the actual Ex J & K spreadsheets—titles such as "**Monthly**," "**Cumulative,**" "**Data for Previously Matched Track**," and "**Data for Newly Matched Track**." These titles make it **appear** that the two spreadsheets provide the requisite "clear identification of the total period covered by the cumulative statement and the total royalty payable for the period."[1] But they do not. Rather, the copyright owner would need to parse through the 1,139,785 rows of data to determine the period *for each line item*. See Smith Ex. J (HFA-00026443).

Slide 55 also noticeably omits the row numbers to make it appear as though this spreadsheet was organized by "previously matched" and "newly matched" works, however the Smith Decl. Ex. J spreadsheet was not so-organized. Most important, hundreds of rows **don't even have a Start Date, making it impossible to determine the total period covered**.[2] From Smith Ex. J (HFA-0002644):

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | PERIOD TYPE | PERIOD START DATE | PERIOD END DATE | LICENSEE ACCOUNT NUMBER | LICENSEE NAME | OWNER IPI NUMBER | OWNER ACCOUNT NUMBER | OWNER ACCOUNT NAME |
| 2 | 1 | 1-Jul-20 | 31-Jul-20 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 3 | 1 | 1-Aug-20 | 31-Aug-20 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 4 | 1 | 1-May-20 | 31-May-20 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 5 | 1 | 1-Apr-20 | 30-Apr-20 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 6 | 1 | 1-Feb-20 | 29-Feb-20 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 7 | 1 | 1-Jan-20 | 31-Jan-20 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 8 | 1 | 1-Nov-19 | 30-Nov-19 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 9 | 1 | 1-Dec-19 | 31-Dec-19 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 10 | 1 | 1-Aug-19 | 31-Aug-19 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 11 | 1 | 1-Jul-19 | 31-Jul-19 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 12 | 1 | 1-Jun-19 | 30-Jun-19 | M1777E | SPOTIFY USA INC. | | | EIGHT MILE STYLE |
| 13 | 1 | 1-Dec-18 | 31-Dec-18 | M1777E | SPOTIFY USA INC. | | 694183 | SONY/ATV MELODY |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | PERIOD TYPE | PERIOD START DATE | PERIOD END DATE | LICENSEE ACCOUNT NUMBER | LICENSEE NAME | OWNER IPI NUMBER | OWNER ACCOUNT NUMBER | OWNER ACCOUNT NAME |
| 41 | | 1-Nov-17 | 30-Nov-17 | M1777E | SPOTIFY USA, INC. | | 694183 | SONY/ATV MELODY |
| 42 | | 1-Oct-17 | 31-Oct-17 | M1777E | SPOTIFY USA, INC. | | 694183 | SONY/ATV MELODY |
| 43 | | | 30-Sep-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |
| 44 | | | 30-Sep-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |
| 45 | | | 30-Sep-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |
| 46 | | | 30-Sep-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |
| 47 | | | 30-Sep-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |
| 48 | | | 30-Sep-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |
| 49 | | | 30-Jun-17 | M1777E | SPOTIFY USA, INC | 538928114 | 694183 | SONY/ATV MELODY |

---

[1] Required under 37 C.F.R. § 210.10(b)(2)(i).
[2] Spotify claimed at oral argument that Eight Mile Style admitted that the spreadsheets contain all the requisite information, but this "admission" on Spotify's **Slide 50** merely admits that there are "fields" for the information – **not that the data in those fields is complete**.

2

Spotify argues in slide 55 that these spreadsheets contain the requisite "clear identification of the total period covered" (37 C.F.R. § 210.10(b)(2)), but the actual spreadsheets do no such thing. Even if these were attached to the Monthly Statements of Account, which they weren't, Copyright owners would not be able "to quickly ascertain the sum of the contents of the cumulative statement." *See*, Fed. Reg., Vol. 83, No. 235 (Dec. 7, 2018) at 63063.

*<u>Mr. Kohn's testimony</u>*: Spotify quoted Mr. Kohn's deposition (200:6-13) in which he simply testified that an administrator may sometimes require approval (e.g., from a songwriter for use in a TV commercial) before issuing a license. But on the previous page (199:2-8), answering the same question whether one may still be an administrator even if one needed another's consent before you issue a license, Mr. Kohn was clear: A. Well, if he has the exclusive rights to issue." *See also,* Kohn Dec. at 26 ("[T]he essence of music publishing administration is the exclusive right to grant licenses"). Kobalt's expert is in accord: see, Miller Depo 151:19-22. It is undisputed that, at least as early as 2013, Bridgeport, not Kobalt, had the exclusive rights to license the EMS Compositions in the U.S. See Smith Depo 140:11-18 ("Q. When Kobalt advised HFA in 2013 that it was not the licensing administrator for Eight Mile Style, did HFA then communicate that information to Spotify, yes or no? A. In the response files, yes") (SUMF ¶ 70).

*<u>When Cumulative Statements of Account Were Due</u>*: Spotify argues that the triggering event for the calculation of the due date for cumulative statements of account must be upon the matching of a "particular sound recording" to its underlying musical composition. *See* Spotify's presentation at slide 58. Spotify's interpretation cannot be correct. The MMA provides clear guidance as to when a Cumulative Statement of Account is due: "**not later than 45 calendar days after the end of the calendar month during which the copyright owner was identified and located …**" 17 U.S.C. § 115(d)(10)(B)(iv)(II)(aa). This could not be clearer: the triggering event

3

is when the copyright owner was identified and located. Spotify, however, argues that the reference to the MMA's task to digital music providers ("DMP") like Spotify to employ reasonable matching efforts for "particular sound recording[s] of a musical work" in another sub-section (Section 115(d)(10)(B)(i)) should be read into sub-section (d)(10)(B)(iv). *See* Spotify's Slide 58.

This interpretation runs afoul of the canon of construction regarding subparts. This canon holds that "**material within an indented subpart relates only to that subpart**." *Callahan v. United States Dep't of Health & Hum. Servs. through Alex Azar II*, 939 F.3d 1251, 1260 (11th Cir. 2019) (emphasis added). That is, here, everything contained in 17 U.S.C. § 115(d)(10)(B) applies to romanettes (i) through (iv), ***but*** the language in each romanette, (i) through (iv) applies ***solely*** to that particular romanette. Thus, the reference to the matching efforts for particular sound recordings referenced in romanette (i) does not apply, and certainly does not supersede, the express triggering deadline in romanette (iv) referencing only the date upon which the copyright owner is "identified and located by or to the [DMP]". HFA and Spotify knew Eight Mile Style was the owner of the EMS Compositions as early as 2010 when it received that information from Kobalt, SUMF ¶ 110, and Spotify routinely received metadata from Universal Music Group ("UMG") identifying Eight Mile Style as the owner / publisher (SUMF ¶ 126) and also knew from multiple other sources. SUMF ¶ 66-69.

**<u>HFA's Separation of licensing/Payment:</u>** HFA posits that Eight Mile Style's argument that it did not have the ability to separate licensing authority and payment obligations is "mere conjecture". HFA rests solely on a self-serving affidavit from its own general counsel, Mr. Smith, which was not in line with his deposition testimony. *See* SUMF at ¶¶ 18-19. Eight Mile Style proffered the testimony and declaration of Joel Martin who knew of this shortcoming during the time in 2007 until 2009 when MRI served as administrator. *See* Martin Decl. at ¶ 4. Further, Eight

Mile Style has included in its SUMF the ample record evidence that rebuts Smith's self-serving declaration. *See* SUMF at ¶¶ 18-19. Further, this point is largely academic: Mr. Martin held that impression until 2019 **and** HFA was told numerous times that Kobalt has no licensing authority regardless of the status of the registrations. SUMF ¶¶ 66-69. There is also no requirement to register anything with HFA anyway. SUFM ¶¶ 21, 156.

      <u>*UMG Passthrough Licenses.*</u> HFA and Spotify have made much of Mr. Martin's position that UMG did not have the authority to grant a passthrough license. Of course that was his position, and he filed a lawsuit in that regard, but UMG took the opposing position and defended the suit. UMG *did, in fact,* issue passthrough licenses to other digital exploiters like Apple, and the confidential settlement, entered into fifteen months after Spotify's launch, left any previously-granted passthrough licenses intact. HFA Ex. QQQ.

      <u>*SoundCloud and Facebook.*</u> Spotify cannot rebut the language of the 2011 Agreements vesting sole licensing authority for the EMS Compositions with Bridgeport, making Kobalt a royalty collection agent only, or dispute it was advised that Kobalt did not have license rights for EMS. Spotify thus resorts to apparent authority. **<u>There is literally no support for this in the record</u>**. Not only did Spotify not rely on the MLA, as discussed at oral argument, but Spotify did not rely on the Facebook or Soundcloud agreements either. Spotify's entire argument is merely circular and based applying its own contorted reading of the MLA to those agreements because the term "Publisher Compositions" is the same in all three. Spotify is merely pointing at a duck, calling it a horse, then arguing that these two other ducks must also be horses.[3]

---

[3] Judge McCalla also saw through Spotify's similar license/implied license/estoppel arguments: "There is obviously another reason to send the money,…to try to avoid this situation [i.e., a lawsuit for copyright infringement]." *Bluewater/Spotify litigation*, Hearing Transcript dated April 17, 2019 at 28:15-29:2 (M. D. Tenn)(attached to summary judgment briefing). He also rejected the same summaries Spotify attempts to use here as proof of licenses as discussed at oral argument.

Respectfully submitted on this 16th day of July 2024 by:

By: */s/ Richard S. Busch*
Richard S. Busch (TN Bar # 014594)
Andrew H. "Drew" Davis (TN Bar # 034203)
David M. Niemierzycki (TN Bar # 039921)
KING & BALLOW
26 Century Boulevard, Ste. NT700
Nashville, TN 37214
Telephone: (615) 726-5422
Facsimile: (615) 726-5417
rbusch@kingballow.com
ddavis@kingballow.com
dniemierzycki@kingballow.com
*Attorneys for Plaintiffs Eight Mile Style, LLC
and Martin Affiliated, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the PLAINTIFFS' **Response to Oral Argument** was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system, and via electronic and/or U.S. mail, postage prepaid on July 16, 2024, as below:

| | |
|---|---|
| **Carey R. Ramos**<br>**Cory Struble**<br>**Kathleen M. Sullivan**<br>**Rachel E. Epstein**<br>**Mario O. Gazzola**<br>Quinn, Emanuel, Urquhart & Sullivan<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>*careyramos@quinnemanuel.com*<br>*corystruble@quinnemanuel.com*<br>*kathleensullivan@quinnemanuel.com*<br>*rachelepstein@quinnemanuel.com*<br>*mariogazzola@quinnemanuel.com*<br>***Attorneys for Spotify USA Inc.*** | **Archis A. Parasharami**<br>**Andrew J. Pincus**<br>Mayer Brown, LLP (DC Office)<br>1999 K Street, NW<br>Washington, DC 20006<br>*aparasharami@mayerbrown.com*<br>*apincus@mayerbrown.com*<br>***Attorneys for Spotify USA Inc.*** |
| **Thomas C. Rubin**<br>Quinn, Emanuel, Urquhart & Sullivan<br>600 University Street, Ste. 2800<br>Seattle, WA 98101<br>*tomrubin@quinnemanuel.com*<br>***Attorneys for Spotify USA Inc.*** | **Allison L. Stillman**<br>Latham & Watkins LLP (NY Office)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>*alli.stillman@lw.com*<br>***Attorneys for Spotify USA Inc.*** |
| **Allison Aviki**<br>**Matthew Ingber**<br>**Rory K. Schneider**<br>**Alina Artunian**<br>Mayer, Brown, LLP<br>1221 Avenue of Americas<br>New York, NY 10020<br>*aaviki@mayerborwn.com*<br>*mingber@mayerbrown.com*<br>*rschneider@mayerbrown.com*<br>*aartunian@mayerbrown.com*<br>***Attorneys for Spotify USA Inc.***<br>**Chris M. LaRocco**<br>**Matias Gallego-Manzano**<br>Bryan, Cave, Leighton, Paisner, LLP<br>1290 Avenue of the Americas | **Brian D. Caplan**<br>**Robert W. Clarida**<br>**Julie B. Wlodinguer**<br>Reitler, Kailas & Rosenblatt, LLC<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>*bcaplan@reitlerlaw.com*<br>*rclarida@reitlerlaw.com*<br>*jwlodinguer@reitlerlaw.com*<br>***Attorneys for Kobalt Music***<br> ***Publishing America, Inc.***<br>**Jay Scott Bowen**<br>**Jacob T. Clabo**<br>**Lauren E. Kilgore**<br>BUCHALTER, PC |

New York, NY 10104
*chris.larocco@bclplaw.com*
*matias.gallego-manzano@bclplaw.com*
***Attorneys for Harry Fox Agency, LLC***

1 Music Circle South, Suite 300
Nashville, TN 37203
*jclabo@buchalter.com*
*jbowen@ buchalter.com*
*lkilgore@ buchalter.com*
***Attorneys for Harry Fox Agency, LLC***

**Marie T. Scott**
Fisher & Phillips
424 Church Street, Suite 1700
Nashville, TN 37219
*mtscott@fisherphillips.com*
***Attorneys for Spotify USA Inc.***

**Aubrey B. Harwell, III**
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
*tharwell@nealharwell.com*
***Attorneys for Spotify USA Inc.***

**James F. Blumstein**
Vanderbilt University
131 21st Avenue South
Nashville, TN 37203
*james.blumstein@vanderbilt.edu*

**Karl M. Braun**
Hall, Booth, Smith, P.C.
(Nashville Office)
424 Church Street, Suite 2950
Nashville, TN 37219
*kbraun@hallboothsmith.com*
***Attorneys for Kobalt Music***
 ***Publishing America, Inc.***

**Michael C. Tackeff**
U.S. Attorney's Office (Nashville)
719 Church Street, Suite 3300
Nashville, TN 37203
*michael.tackeff@usdoj.gov*
***Attorneys for Interested Party***
***United States of America***

**Chetan A. Patil**
U.S. Department of Justice
P.O. Box 883, Ben Franklin Station
Washington, D.C. 20044
*chetan.patil@usdoj.gov*
***Attorneys for Interested Party***
***United States of America***

Dated: July 16, 2024

*/s/Richard S. Busch*
Richard S. Busch
Attorney for Plaintiffs