UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC and MARTIN AFFILIATED, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 3:19-cv-0736 ) Judge Aleta A. Trauger |
| SPOTIFY USA INC. and HARRY FOX AGENCY, LLC, | ) ) ) |
| Defendants. | ) ) ) |
| SPOTIFY USA INC., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| KOBALT MUSIC PUBLISHING AMERICA, INC., | ) ) ) ) |
| Third-Party Defendant | ) |

## ORDER

Spotify has filed a Motion for Award of Damages (Doc. No. 708), to which Kobalt objects on grounds including its assertion that it is entitled to an assessment of damages by a jury. Kobalt has filed a Motion for Reconsideration of the Court's August 15, 2024 Memorandum and Order or in the Alternative to Certify an Interlocutory Appeal (Doc. No. 719). Kobalt's arguments for reconsideration restate arguments made in connection with the original underlying summary judgment motions, and that request will be denied. Its request for a certification of an interlocutory appeal, however, will be granted.

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292. The court finds one such question of law with regard to Spotify's claims against Kobalt: <u>Does the 2016 BMLA require Kobalt to indemnify Spotify for Kobalt's failure to license a composition over which it lacked U.S. mechanical licensing authority, but over which it exercised other rights associated with administration, such as non-U.S. mechanical licensing, worldwide synch licensing (subject to publisher approval), and acceptance of license requests?</u>

Most of the substantive claims in this case have been resolved, and the court finds it in the interests of justice and efficiency to enter judgment with regard to those claims to allow an appeal. While the court cannot yet enter judgment with regard to the claims on which Spotify prevailed against Kobalt—because no damages figure has yet been reached—it would similarly be in the interests of justice and efficiency to allow the question of liability on those claims to be appealed alongside the other issues in this case. The court also concludes that, regardless of whether Kobalt is correct regarding the appropriate procedures for assessing damages, making such an award prior to appeal would be a misuse of the parties' and the court's resources.

For the foregoing reasons, Spotify's Motion for Award of Damages (Doc. No. 708) is hereby **DENIED** as moot, without prejudice to seeking such damages at a later date, and Kobalt's Motion for Reconsideration of the Court's August 15, 2024 Memorandum and Order or in the Alternative to Certify an Interlocutory Appeal (Doc. No. 719) is **GRANTED** in part and **DENIED** in part. The court hereby **CERTIFIES** the question identified in this Order for

interlocutory appeal pursuant to 28 U.S.C. § 1292, based on the court's findings that it presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation. The court further finds that there is no just reason for delay regarding the entry of judgment as to all claims other than Spotify's claims against Kobalt for indemnification, breach of the 2016 BMLA, and anticipatory repudiation. The Clerk is, therefore, directed to enter judgment as to all claims, except Spotify's claims for indemnification, breach of the 2016 BMLA, and anticipatory repudiation, consistently with Rule 54(b), and to administratively close the case pending the resolution of any appeals.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge