## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **EIGHT MILE STYLE, LLC; MARTIN AFFILIATED, LLC,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) | |
| **SPOTIFY USA INC.; HARRY FOX AGENCY, LLC,** | ) ) ) | **Case No. 3:19-cv-00736** |
| **Defendants.** | ) ) | **Judge Aleta A. Trauger** |
| | | |
| **SPOTIFY USA INC.,** | ) ) | |
| **Third-Party Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **KOBALT MUSIC PUBLISHING AMERICA, INC.,** | ) ) ) | |
| **Third-Party Defendant.** | ) ) | |

## MEMORANDUM

Before the court is the Motion for Entry of Final Judgment (Doc. No. 742), filed by third-party defendant Kobalt Publishing America, Inc. ("Kobalt"). The motion is supported by a Memorandum of Law (Doc. No. 743) and is opposed by third-party plaintiff Spotify USA Inc. ("Spotify") (Doc. No. 746). Kobalt has filed a Reply (Doc. No. 748); Spotify, with permission, filed a Sur-Reply (Doc. No. 751); and Kobalt filed a Notice Regarding Extension of Briefing Schedule in the pending appeal before the Sixth Circuit (Doc. No. 752), in the event it might make a difference to the court's analysis.

It does not make a difference, and Kobalt's reliance on *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177 (2014), and related authority is likewise misplaced. If the court had the authority to enter final judgment on Spotify's claims, it would already have done so—as it clearly communicated in the September 6, 2024 Order denying Kobalt's request for reconsideration of the court's ruling on the underlying summary judgment motions but granting its request for certification of an interlocutory appeal. (Doc. No. 721.) As the court observed in that context, "the court *cannot yet enter judgment* with regard to the claims on which Spotify prevailed against Kobalt—because no damages figure has yet been reached," but the court believed—and still believes—that an interlocutory appeal would further the interests of justice and efficiency and that making a damages award in this case prior to appeal "would be a misuse of the parties' and the court's resources." (*Id.* at 2 (emphasis added).) The Sixth Circuit, however, disagreed, as it denied Kobalt's petition under 28 U.S.C. § 1292(b) for permission to pursue an interlocutory appeal. *See In re: Kobalt Music Publ'g Am., Inc.*, No. 24-0502 (6th Cir. Feb. 5, 2025).

In short, Kobalt's Motion for Entry of Final Judgment will be denied because the court lacks the authority to grant the requested relief.

## I.    PROCEDURAL HISTORY

The court has no need to relay the lengthy history of the entire case. As relevant here, on August 15, 2024, the court issued a Memorandum (Doc. No. 704) and accompanying Order (Doc. No. 705) ruling on the parties' four cross-motions for summary judgment. The court granted summary judgment in favor of Spotify on plaintiff Eight Mile Style's copyright infringement claims against it and granted in part and denied in part Kobalt's and Spotify's respective summary judgment motions regarding Spotify's third-party claims against Kobalt. As relevant here, the court granted Spotify summary judgment on its breach of contract claim based on Kobalt's failure to license the compositions it purported to license through the December 15, 2016 blanket

mechanical licensing agreement ("2016 BMLA") between Kobalt and Spotify. In addition, the court granted Spotify summary judgment on its indemnification and anticipatory repudiation claims under the same agreement. (Doc. No. 705 at 1; Doc. No. 704 at 59.)

That is, with respect to the indemnification issue, the court determined that Eight Mile Style's claims against Spotify fell within the scope of the 2016 BMLA, in which Kobalt had also agreed to indemnify Spotify against "all third party claims, damages, liabilities, costs and expenses (including reasonable legal expenses and counsel fees)" covered by the agreement. (*See* Doc. No. 704 at 24 (citing 2016 BMLA ¶ 12, Doc. No. 294-5 at 8).) As a result of that ruling, Spotify is entitled to recoup from Kobalt all damages Spotify sustained in defending itself against Eight Mile Style's copyright infringement claims—including the attorney's fees Spotify incurred in that litigation. As the court noted in the August 15, 2024 Memorandum resolving the summary judgment motions, the only substantive issue remaining to be resolved is "what [Kobalt] will owe Spotify based on its failure to honor its [indemnification] duty." (Doc. No. 704 at 61.) If Eight Mile Style had prevailed on its claims, "the full sum at issue under that indemnification obligation might still require substantial discovery and litigation." (*Id.*) Because Spotify had prevailed against Eight Mile Style, however, Spotify's recovery will largely be "limited to reasonable attorney's fees and expenses," an issue the court believed at the time could be "ascertained through a much more streamlined process." (*Id.*) The court directed Spotify to "support its damages" (*id.*) by filing a "motion for attorney's fees and expenses within 10 days of entry" of the summary judgment order, "[p]ursuant to the indemnification provision" (Doc. No. 705 at 2).

Spotify complied by filing its Sealed Motion for an Award of Damages on August 26, 2024, seeking a jaw-dropping attorney's fee award and citing both Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure and the court's summary judgment ruling. (Doc. No. 708 at 1.) In its

supporting Memorandum, Spotify referenced the indemnification provision upon which the court's summary judgment ruling was predicated, but it also highlighted a separate fee-shifting provision in the 2016 BMLA that permits the prevailing party in any suit to "enforce or interpret this Agreement" to recover its costs and attorney's fees, both at trial and on appeal. (*See* Doc. No. 708-1 at 8 (citing 2016 BMLA ¶ 18, Doc. No. 294-5 at 9).) In other words, Spotify made it clear that it sought both (1) the attorney's fees and other expenses incurred in defending itself against Eight Mile Style's claims pursuant to the indemnification provision in paragraph 12 the 2016 BMLA, pursuant to the summary judgment ruling, and (2) the attorney's fees and costs incurred in the third-party proceeding against Kobalt under paragraph 18 of the 2016 BMLA, pursuant to Rule 54(d).

Kobalt sought, and the court granted, an extension of the deadline to respond to the damages motion. (Doc. Nos. 713, 718.) At the same time, the court entered a *sua sponte* order, recognizing that "[t]he only aspect of this case remaining is determining the damages associated with Spotify's claims related to Kobalt's indemnification duty" and that resolution of Spotify's Motion for Award of Damages might not be resolved as expeditiously as the court had initially anticipated. (Doc. No. 710 at 1.) "Given the potential delay associated with determining Spotify's recovery," the court directed each party to inform the court whether it objected to the entry of final judgment "as to all other claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure" and if so, on what grounds. (*Id.* at 1–2.)

No other party objected (*see* Doc. Nos. 713–16), but Kobalt promptly filed a Notice stating its objection and arguing that "such entry would prejudice Kobalt by permitting appeals that impact its rights and interests, without its participation" (Doc. No. 717). And on September 5, 2024, Kobalt filed a Motion for Reconsideration, seeking reconsideration of the court's ruling on

Kobalt's indemnification liability and requesting, in the alternative, that the court certify an interlocutory appeal. (Doc. Nos. 719–20.) Notably, Kobalt did not argue at that time that the court had the discretion to simply enter final judgment, since the only issue to be resolved was attorney's fees—presumably because it recognized that *damages* remained to be resolved.

As noted above, on September 6, 2024, the court denied Kobalt's request for reconsideration but granted its request to certify an interlocutory appeal. (Doc. No. 721 at 2.) The court also denied as moot Spotify's Motion for Award of Damages, without prejudice to refiling (*id.*), as the court anticipated setting a briefing schedule on the issue following resolution of any appeals. The court then directed the Clerk to enter judgment on all claims "except Spotify's claims for indemnification, breach of the 2016 BMLA, and anticipatory repudiation" and to "administratively close the case pending the resolution of any appeals." (*Id.* at 3.) Partial judgment was entered the same day. (Doc. No. 722.)

Kobalt thereafter filed a timely Petition for Leave to Seek Interlocutory Appeal in the United States Court of Appeals for the Sixth Circuit, which the Sixth Circuit denied, finding generally that "an immediate appeal would do little to materially advance the litigation." *In re: Kobalt Music Publ'g Am., Inc.*, No. 24-0502, slip op. at 2 (6th Cir. Feb. 5. 2025).

Kobalt then reopened this case by filing its Motion for Entry of Final Judgment, arguing that, when the court adjudicated Spotify's claims against Kobalt, it *could have* entered a final and appealable judgment but instead chose to "exercise . . . its discretion under Rule 58(e) to delay entry of final judgment on Spotify's Claims until the resolution of Spotify's attorney-fee damages." (Doc. No. 743 at 6.) Kobalt characterizes the court's decision *not* to enter final judgment as premised upon the court's assumption that Spotify's damages could be "ascertained through a streamlined process." (*Id.*) It argues that, because the court's initial prediction has been proved

wrong, the court should exercise its discretion under the common law and Rule 54(b) to "reconsider its decision to defer entry of final judgment until adjudication of attorney fees, enter final judgment, and thereby permit Kobalt to take appeal without additional delay." (*Id.*)

Kobalt construes 28 U.S.C. § 1291, Federal Rules of Civil Procedure 54 and 58, and the Supreme Court's decision in *Ray Haluch Gravel Co.* as authorizing the requested exercise of the court's discretion. As set forth herein, Kobalt misreads that authority.

## II.    LEGAL STANDARDS

Appellate courts have "jurisdiction of appeals from all *final decisions* of the district courts of the United States." 28 U.S.C. § 1291. But "[a] district court's statement that its judgment is final and appealable does not make it so." *Clemons v. Norton Healthcare Inc. Ret. Plan*, 890 F.3d 254, 263 (6th Cir. 2018) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742 (1976)). Instead, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"—that is, it is not *final*—"and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

At the same time, district courts, under some circumstances, may direct entry of final judgment as to *some* claims or parties, even when it has not resolved all claims as to all parties:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.* For this portion of Rule 54(b) to authorize the entry of a partial final judgment, however, two requirements must be met. First, the decision on any individual claim still "must be 'final' within the meaning of 28 U.S.C. § 1291." *Williams v. Kentucky*, 24 F.3d 1526, 1542 (6th Cir. 1994); *see id.* ("Rule 54(b) 'does not relax the finality required of each decision, as an individual claim, to

render it appealable.'" (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956))).

"Judgments where assessment of damages or awarding of other relief remains to be resolved have

never been considered to be 'final' within the meaning of 28 U.S.C. § 1291.'" *Mid-Am. Apartment*

*Communities, Inc. v. Philipson*, No. 24-5614, 2024 WL 4524738, at *1 (6th Cir. Sept. 5, 2024)

(some internal quotation marks omitted) (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Child. &*

*Fam. Servs.*, 724 F.3d 687, 693 (6th Cir. 2013)); *see also Wetzel*, 424 U.S. at 744 (holding that

orders "grant[ing] partial summary judgment limited to the issue of petitioner's liability" but not

resolving damages "are by their terms interlocutory," and that, "where assessment of damages or

awarding of other relief remains to be resolved[, such judgments] have never been considered to

be 'final' within the meaning of 28 U.S.C. § 1291" (internal citation omitted)). Second, the court

must "expressly determine that there is no just reason to delay appellate review." *Carpenter v.*

*Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (quoting *Planned Parenthood Sw. Ohio*

*Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)). If a district court "improvidently grant[s]

Fed. R. Civ. P. 54(b) certification" on a claim in a case for which both requirements have not been

satisfied, any appeal will be dismissed for lack of jurisdiction. *Id.* at 352.

Separate from the finality requirement, Rule 54 also provides that a "claim" for attorney's

fees must be made by post-judgment motion, "unless the substantive law requires those fees to be

proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The advisory committee's

notes specify that this provision "does not . . . apply to fees recoverable as an element of damages,

as when sought under the terms of a contract; such damages typically are to be claimed in a

pleading and may involve issues to be resolved by a jury." Fed. R. Civ. P. 54(d) advisory

committee's note to 1993 amendment.

Further complicating the landscape, Rule 58(e) states that

> the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e).

Reading Rule 54, Rule 58, and § 1291 together, the Supreme Court has made it clear that "a decision on the merits is a 'final decision' under § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined," irrespective of whether the "unresolved claim for attorney's fees is based on a contract rather than, or in addition to, a statute." *Ray Haluch Gravel Co.*, 571 U.S. at 179; *see id.* ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").

Also clear from *Ray Haluch* is that the holding applied to *collateral* claims for attorney's fees "incurred in the course of litigating the case" at issue. *Id.* at 184 (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988)); *see also Budinich*, 486 U.S. at 199, 200 (identifying the issue to be resolved as "whether a decision on the merits is a 'final decision' as a matter of federal law under § 1291 when the recoverability or amount of attorney's fees *for the litigation* remains to be determined" and observing that, " [a]s a general matter, at least, . . . a claim for attorney's fees is not part of the merits *of the action to which the fees pertain*" (emphasis added)).

## III. DISCUSSION

Kobalt's position here is that *Ray Haluch* controls, because the only issue remaining is Spotify's collateral claim for attorney's fees, and, under *Ray Haluch*, an order that leaves unresolved only a claim for attorney's fees under Rule 54(d) is "final" for purposes of § 1291 and

can, therefore, be certified as final, despite the court's initial decision (as Kobalt characterizes it) to delay entry of final judgment under Rule 58(e).

If the only fees Spotify sought were those to which it might be entitled under the fee-shifting provision in paragraph 18 of the 2016 BLMN, Kobalt's argument would be persuasive. Those fees—that is, the attorney's fees incurred by Spotify in pursuing its claims against Kobalt—are precisely the type of fees that are normally the subject of a post-judgment Rule 54(d) motion. Spotify, however, does not seek only collateral attorney's fees incurred in its litigation with Kobalt. Rather, it seeks attorney's fees and costs as part of (or perhaps all of) the damages it incurred in defending itself against plaintiff Eight Mile Style's claims, caused by Kobalt's breach of the indemnification provision of the 2016 BLMN. The indemnification provision is not a mere fee-shifting provision. Instead, the fees Spotify seeks are an integral part of the merits of Spotify's breach of contract claims. Resolution of Kobalt's liability under the indemnification agreement did not resolve the issue of what damages it owes under that provision, and "'[a] judgment is not final for purposes of appeal when the assessment of damages remains,' unless the calculation is purely ministerial." *Clemons*, 890 F.3d at 263. Because the attorney's fees Spotify seeks are an element of damages for breach of the indemnification agreement (and no one argues that calculation of those fees will be "purely ministerial"), they fall squarely within the scope of the exception noted in Rule 54(d) and the advisory committee's note for fees that "substantive law requires . . . be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The court's Order granting summary judgment for Spotify on Kobalt's liability for breach of contract did not resolve the issue of damages. Consequently, it does not qualify as a final judgment.

Although there is admittedly little caselaw addressing the precise issue presented here, the Supreme Court itself acknowledged a distinction between fees "attributable to the case" and those,

for example, sought in a "freestanding contract action asserting an entitlement to fees incurred in an effort to collect payments that were not themselves the subject of the litigation." *Ray Haluch*, 571 U.S. at 190. *Ray Haluch*, that is, did not disturb the principle that a "decision is not 'final' within the meaning of 28 U.S.C. § 1291 where the awarding of relief remains to be resolved." *Williams*, 24 F.3d at 1542 (citing *Wetzel*, 424 U.S. at 744). And courts have continued to recognize this distinction. *See, e.g.*, *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014) (recognizing a distinction under state law between "attorney's fees for the prosecution or defense of a claim," which "are not damages" and must be sought under Rule 54(d), and attorney's fees incurred, for example, "in litigation with a third party," which are considered "damages" and may not be pursued under Rule 54(d)); *House of Flavors, Inc. v. TFG-Mich., L.P.*, 700 F.3d 33, 37 (1st Cir. 2012) (recognizing, in light of *Budinich*, that a judge "has discretion whether to suspend the finality of a judgment where a party seeks attorneys' fees by motion," but that "no provision is made for suspension of finality where there remains an outstanding claim for attorneys' fees sought as an element of damages—the implication being that the 'merits' have not been fully resolved until such fees are decided, and thus no such provision is necessary"); *Vaughn v. Konecranes, Inc.*, No. CV 5:14-136-DCR, 2016 WL 5219586, at *2–3 (E.D. Ky. Sept. 19, 2016) (distinguishing between collateral claims to legal fees governed by Rule 54(d) and attorney's fees to be "awarded as an element of damages according to the substantive law governing the action").

Although *Richardson* does not mention *Ray Haluch*,[1] the case is nonetheless instructive because it is entirely consistent with the Supreme Court's refusal to distinguish between statutory and contractual fee-shifting provisions for purposes of Rule 54—but it still distinguished between

---

[1] The cases were decided a few days apart. But, curiously, few courts addressing the issue presented here actually recognize the holding in *Ray Haluch*.

collateral attorney's fee claims and attorney's fee claims as damages. In *Richardson* the district court had denied Wells Fargo's motion for attorney's fees, filed pursuant to Rule 54(d)(2) following entry of judgment. The court determined that, because the bank had a "substantive right to attorney's fees under the deed of trust" governing the relationship between the parties, "the bank could not recover these fees under Rule 54(d)(2) because they were an element of damages" that had to be proved at trial, under Rule 54(d)(2)'s exception. *Richardson*, 740 F.3d at 1037.

On appeal, the Fifth Circuit rejected the argument that "Rule 54(d)(2) is always off-limits to attorney's fees provided by contract" simply because the advisory committee's note states that the rule is inapplicable "to fees recoverable as an element of damages, as when sought under the terms of a contract." *Richardson*, 740 F.3d at 1039 (quoting Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment). As the court explained:

> The Notes set no bright-line rule that fees sought under the terms of "*any* contract" or "*all* contracts" must be considered damages. Instead, attorney's fees provided by contract are an example of fees that *might* be recoverable as an element of damages. The language of the contract and the nature of the claim are the dispositive factors concerning whether the fees are an element of damages or collateral litigation costs.

*Id.* (emphasis in original). In that case, unlike here, the claim for attorney's fees arose from a contractual fee-shifting provision and, as such, was a collateral claim rather than a substantive damages claim—but the case nonetheless confirms the necessity of distinguishing between types of contractual claims for fees.

The contract at issue in *Vaughn*, however, is analogous to the one here. There, the district court held that whether a third-party plaintiff was entitled to attorney's fees from the third-party defendant under an indemnification provision was "a substantive issue that must have been raised and proved when [the third-party plaintiff] sought relief on the claims raised, not a collateral issue that arose after the claims had already been resolved." *Vaughn*, 2016 WL 5219586, at *3. The "sole issue" between the third-party plaintiff and the third-party defendant was

the enforcement of the contractual indemnification provision and the relief that [the third-party plaintiff] was entitled to seek under that provision. Accordingly, the substantive law governing this action was the indemnification provision, and any issue regarding the relief that [the third-party plaintiff] could seek under this provision—including attorneys' fees—was an element of damages [the third-party plaintiff] was required to raise and prove during that proceeding.

*Id.* Thus, the court found that Rule 54(d) did not apply and could not have been used by the third-party plaintiff, even if it had filed such a motion before the deadline for doing so had expired. *Id.* at *4.

These opinions support the court's approach in this case. The determinative issue is not merely whether attorney's fees are sought pursuant to a contract; rather, the "language of the contract and the nature of the claim are the dispositive factors concerning whether the fees are an element of damages or collateral litigation costs." *Richardson*, 740 F.3d at 1039. The relevant language in the 2016 BMLA provides for indemnification against "any and all third party claims, damages, liabilities, costs and expenses (including reasonable legal expenses and counsel fees) . . . relating to any allegation, that, if true, would constitute a breach of the Indemnifying Party's representations . . . in Section 11 of this Agreement," assuming certain other requirements are met. (Doc. No. 295-6 at 8.) The court has found that Kobalt is liable under this provision for Spotify's costs and expenses—including reasonable legal expenses and counsel fees—incurred in defending against Eight Mile Style's claims against Spotify. The amount of damages for which Kobalt will be liable under this provision is a substantive element of Spotify's claims, not a matter that can be resolved in a Rule 54(d) motion.

## IV.    CONCLUSION

For the reasons set forth herein, Kobalt's Motion to Enter Final Judgment (Doc. No. 742) will be denied.

An appropriate Order is filed herewith, and the court will enter a separate order directing the parties to confer and, if possible, present a proposed agreed order establishing the procedure and schedule for resolving Spotify's damages under the indemnification provision.

_____
ALETA A. TRAUGER
United States District Judge